393 So.2d 240 (1980)
Charles A. WHITE
v.
Verlene Mayo Cummins WHITE.
No. 13646.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
Allen R. Boudreaux, Ralph E. Hood, Roland C. Kizer, Jr., Baton Rouge, for plaintiff-appellant, Charles A. White.
Gerard E. Kiefer, Baton Rouge, for defendant-appellee, Verlene Mayo Cummins White.
Before ELLIS, COLE and WATKINS, JJ.
WATKINS, Judge.
This is a rule brought by a former husband to obtain reduction of permanent alimony. Charles A. White and Verlene Mayo Cummins White were divorced in November 1978, and the wife was awarded custody of their infant child, alimony in the amount of $600.00 per month, and child support. *241 From a judgment maintaining the alimony in the stated amount after trial on the rule, the husband appeals.
Plaintiff's basis for seeking a reduction in the amount of alimony payment is the asserted "change of circumstances" produced by the amendment of LSA-C.C. art. 160 by La. Act No. 72 of 1979 which took effect September 7, 1979, which had the effect of requiring the court to consider the wife's earning capacity in making an alimony award.
Art. 160 as amended reads as follows:
"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
"In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
"This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."
The primary purpose in amending art. 160 was to permit the husband to obtain alimony from the wife as well as the wife from the husband. However, the amendment had the secondary effect of requiring a court to consider the wife's earning capacity. Formerly, the wife's earning capacity could not be considered. Ward v. Ward, 339 So.2d 839 (La.1976).
The husband contends that the 1979 amendment to art. 160 constituted a "change of circumstances". The trial court appeared in written reasons to disagree, and to believe that a change in circumstances did not include a change in the law. We note that an alimony award is not final, and may be changed upon a showing of "change of circumstances". Ducote v. Ducote, 339 So.2d 835 (La.1976). We find that it is not necessary to determine whether or not the amendment to art. 160 constituted a change of circumstances within the contemplation of the jurisprudence, as the 1979 legislative enactment creates an additional criterion upon which an alimony award may be made or changed, i. e., a consideration by the court of the wife's earning capacity, which, under the prior jurisprudence, was of no legal relevance. As the wife's earning capacity is now one of the factors that the trial court must consider in awarding alimony under art. 160, we hold that the trial court must consider this factor in making alimony awards, or, upon the application of either party, in amending or altering alimony awards.
The wife contends that to so interpret the amendment to art. 160 is to give the amendment an unconstitutional retrospective or retroactive application. The trial court found along the lines of the wife's contentions, that the amendment applied only "prospectively", that is, that it could not be the basis, in itself, of amending an existing judgment. We cannot agree. As we stated, an alimony award is never final. We do not interpret the amendment to art. 160 to permit a change in the amount of alimony already due or accruing under prior judgment. We interpret art. 160 simply to permit a modification in the amount of alimony to be paid in the future upon proper showing, effective as of the date of the amending judgment. No vested rights are *242 denied. All that happens is that a fixing of alimony, which is never final, is, under appropriate circumstances and upon proper showing, altered or modified. No true constitutional question is presented.
We do not find, however, that in the present case the circumstances warrant requiring the wife to earn her own living. She has an infant child, who suffers from severe allergies, and requires constant attention. The wife does not have a high school education, and her only training is as a "mixologist". The income from her occupation would barely be sufficient to hire someone to take care of the child. Under the Codal article as it stood before amendment, and as it now stands, the husband's earning capacity and financial circumstances must also be considered. Obviously, the prior alimony award was based upon a determination that the husband could afford and should be expected to pay his former wife $600.00 per month as alimony. The husband made no allegation or showing of changed circumstances insofar as his earning capacity and financial circumstances are concerned. There is, then, no factual ground that would call for a change in the amount of alimony awarded.
Accordingly, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.