REDMANN, Judge,
concurring.
The ex-husband’s basic complaint over the alimony increase from $180 to $480 monthly is that the ex-wife is not in necessitous circumstances in that she received $28,000 cash and $5,000 stock in part settlement of the community 14 months before trial; in that she has a substantial interest in the thrift fund he has with his employer but she will not accept its cash value from him; in that she has inherited substantial property from her father; and in that she is a trained secretary who has worked as such, able to support herself by her earnings (and also has a license to sell real estate).
The ex-husband argues that, notwithstanding that the ex-wife has spent the $28,000 cash (in minor part on a new car), she is still not in such need that he should support her. The ex-husband complains “it is obvious that she wants to live from the work of others as long as the courts will let her.” One answer is that today the courts can no longer allow alimony to an ex-spouse who is capable.of self-support but who unjustifiably declines to work.
The Louisiana Legislature amended C.C. 160, by Acts 1979 No. 72, to make alimony available to a needy spouse of either sex, but also to provide:
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
That 1979 amendment, effective June 29, 1979, was not yet the law when the basic judgment of May 18, 1979, was rendered in this case. Thus that 1979 amendment did not apply to the May 18 judgment, and that judgment was not in error in failing to consider earning capacity because the Louisiana supreme court had held under the prior law that an ex-wife’s earning capacity was irrelevant to her claim for alimony, in Ward v. Ward, La.1976, 339 So.2d 839.
But the law does now provide for consideration of a claimant ex-spouse’s earning capacity, and the changed law has been interpreted to affect existing alimony decrees because they are always subject to *1237 change. See White v. White, La.App. 1 Cir. 1980, 393 So.2d 240. Thus although this wife’s earning capacity was not a factor in the May 18, 1979 judgment now before us for review, the ex-husband may present that issue in another proceeding in the trial court if he desires (although the wife’s alleged migraine headaches and the apparent return to her of custody of their teenage son are circumstances that might to some extent oblige her not to work anyway).
On September 27, 1979 the ex-husband moved to terminate alimony on the basis of the 1979 amendment. Whether or when that motion was heard is not shown by our record. The duplicate record does contain, however, a minute clerk’s entry of February 8, 1980, indicating that the court ordered alimony reduced to $150 (and also ordered child support of $400, the production of information concerning the ex-wife’s Mississippi inheritance from her father, and the execution of documents to “divide stock”).
It thus appears that the ex-husband is now obtaining some relief on his various complaints. At the time of the May 18, 1979 judgment, however, under the law then in effect that judgment was not erroneous.