liBYRNES, Judge.
Ray and Mary Baas were divorced on November 23, 1987. Appellee, Mary Baas was awarded permanent alimony in the amount of $620 per month and child support in the amount of $1530 per month for their two minor children, Hillary and Christian.
On February 27, 1989, Ray Baas filed a rule to reduce, alleging a change in circumstances. He had become unemployed. This rule was denied. Mr. Baas did not appeal.
On September 21, 1990, Mr. Baas filed a second rule to reduce alimony and child support, also based on a change in circumstances. Judgment was signed on April 4, 1991 denying this second rule. Mr. Baas appeals from this judgment. We affirm.
On September 25, 1991, Mr. Baas brought a third rule to reduce child support and permanent alimony, again on the basis of a change of circumstances. One of the minors had reached the age of majority. Pursuant to that rule judgment was signed on October 13, 1991, reducing the child support proportionately to $765, one-half of the previous amount. Mr. Baas’ Rrequest to reduce permanent alimony was denied. Mr. Baas also appeals from this judgment. We affirm.
Mr. Baas did not appeal the judgment of February 27, 1989 which denied his rule to reduce based on his status of unemployment which had arisen subsequent to the original judgment fixing alimony dated November 23, 1987. When the trial court denied Mr. Baas’ rule to reduce on *824 February 27,1989 it acknowledged his unemployed status, but found, in effect, that Mr. Baas had not done what he could have to prevent this from occurring. Whether this Court would have reversed this decision had Mr. Baas appealed we cannot say.
Since that time Mr. Baas’ financial prospects have brightened considerably. He has part-time employment at an elegant restaurant in New York. He has a catering business. He did security work for a brother who managed a ballroom. He married a woman with an income in the $50,000 range, which income is presumably community property.
This Court is powerless in the face of Mr. Baas’ failure to appeal to change the earlier finding by the trial court in connection with the first rule that he filed. At that time the trial court ruled that Mr. Baas’ unemployment was not a sufficient change in circumstances to warrant a reduction in alimony and child support. If this Court were to grant Mr. Baas’ request for a reduction now that his economic circumstances have admittedly improved, it would be tantamount to a tacit subversion of the judgment of February 27, 1989, and a circumvention of Mr. Baas’ failure to appeal that judgment.
Mr. Baas having failed to appeal the adverse ruling when he argued a change in circumstances based on a reduction in income because of his loss of ^employment now argues instead that he has suffered a reduction in earning capacity. Mr. Baas argues that at the time the original alimony and child support were fixed he was a financial institution executive with a large income. He also had income from real estate investments. Those investments are now gone and Mr. Baas alleges that because of the failure of the financial institution with which he was last associated that he is a pariah in that industry making it impossible for him to find reasonable employment in that field.
Conceding for purposes of argument these and other allegations made by Mr. Baas concerning his diminished earnings and/or earning capacity, we note that all of these same circumstances would have existed at the time the judgment of February 27, 1989 was rendered, which Mr. Baas failed to appeal. Mr. Baas’ attempt to distinguish this appeal based on diminution of earning capacity from earlier claims of reduction in earnings is a casuistry designed to allow him a second bite at the apple to which he is not entitled.
Mr. Baas cited Green v. Green, 432 So.2d 959 (La.App. 4 Cir.1983), in support of his position. It is inapposite. In Green v. Green there was no previous motion to reduce. The party moving for a reduction had not failed to appeal a previous judgment denying a reduction based upon basically the same grounds. Mr. Baas’ status as a pariah in the financial industry, if it exists, already existed at the time the judgment was rendered which he failed to appeal. The employment rejections he received subsequent to his first rule to reduce arose out of conditions that already existed at the time of the first rule.
Where a party moves to reduce or increase alimony and/or child support based on a change in circumstances, any changes not asserted must be deemed | ¿waived. To do otherwise would be to allow piecemeal litigation and appeals and create an environment in which vengeful parties would be enabled to wage a war of attrition in an area of the law .that is already known for its bitter contentiousness.
This may not necessarily mean that the controlling date from which a change of circumstances is to be determined is the date on which the then current level of alimony and/or support had been established. Even if the court refused to make any modifications in the existing level of alimony, as in the instant case, the refusal itself to make such a change is arguably a “fixing.” The date of this new “fixing” by refusal would then become the new point of reference.
On the other hand, it might be possible for a party to bring a rule at a time when circumstances have changed, but not changed enough to warrant modification at that time. If there is further subsequent change, it too might be insufficient in itself to warrant a modification, but when cumulated with previous insufficient changes, might then in the aggregate be sufficient. In such circumstances an argument could be made for using the date of the original fixing as the point of *825 reference rather than the date of the intervening unsuccessful rule to increase/decrease.
We infer from the judgment of the trial court that it found that the income of Mr. Baas’ second wife is community property and may properly be considered when fixing his support obligations. Marcus v. Burnett, 282 So.2d 122, 124 (La.1973); Sunder v. Sunder, 314 So.2d 372, 373 (La.App. 4 Cir.1975). We cannot say that this implicit finding was erroneous. Knoepfler v. Knoepfler, 553 So.2d 1031 (La.App. 4 Cir.1989) is inapposite.
For the foregoing reasons, the judgments of the trial court are affirmed.

AFFIRMED.

SCHOTT, C.J., concurring in result.