705 So.2d 799 (1998)
Sharon Kay Sanders BREWTON, Plaintiff-Appellee,
v.
James Michael BREWTON, Defendant-Appellant.
Nos. 30134-CA, 30135-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1998.
Rehearing Denied February 19, 1998.
*800 Charles B. Bice, Winnfield, for Defendant-Appellant.
Dmitrc I. Burnes, Alexandria, for Plaintiff-Appellee.
Before BROWN, WILLIAMS and PEATROSS, JJ.
BROWN, Judge.
Plaintiff's, Sharon Kay Sanders Brewton's, 19-year marriage to defendant, James Michael Brewton, ended in divorce on September 19, 1996. The parties stipulated to joint custody of their two children with plaintiff as the domiciliary parent, that defendant would pay $1,400 monthly in child support and that plaintiff would use and occupy the family home and movables, including a 1996 El Dorado Cadillac automobile. In addition, defendant was ordered to pay plaintiff $2,000 a month in permanent alimony.
Within two months of the divorce, defendant filed a rule to change custody, terminate child support and discharge or reduce his alimony obligation.[1] By stipulation, the parties agreed to the change of custody and termination of child support retroactive to October 16, 1996, the 18th birthday of the oldest child.
A hearing on the rule to discharge or modify alimony was held on February 5, 1997. The trial court found a substantial change in circumstances and reduced defendant's monthly alimony obligation from $2,000 to $1,325. Defendant appeals, claiming that his alimony obligation should have *801 been eliminated or further reduced. We agree, reverse, and render judgment discharging defendant from further alimony payments.

Discussion
La. C.C. art. 112 provides that alimony shall be revoked if it becomes unnecessary. Further, La. C.C. art. 232 allows the discharge from or reduction of alimony when it is no longer needed. To prevail in an action to terminate or modify an alimony award, a party must establish a significant change in circumstances of at least one of the parties since the original award. LaForge v. LaForge, 26,317 (La.App.2d Cir. 01/25/95), 649 So.2d 151.
The trial court found that defendant proved a substantial change in circumstances warranting relief. Plaintiff's counsel admitted at trial and on appeal that there had been a material change in circumstances entitling defendant to a reduction.
Defendant testified that although his monthly income remains stable, he is now living in the family home, has remarried and has custody of the parties' two children, as well as his new wife's three minor children. Although he no longer pays child support to plaintiff, he has fully assumed the support of both the adult and minor children of the parties.[2] Further, plaintiff's alimony award was primarily based on her paying the expenses related to the family home which have now been undertaken by defendant.
Without contradiction, defendant testified that plaintiff received community movables valued at $16,900; exactly what movables were received is not discernible from this record. Defendant further testified that plaintiff no longer resides in the family home and that her monthly living expenses are reduced in the following amounts: house note-$1,053.58; utilities-$334; housekeeping-$281.66; and car lease/insurance-$843.03. In addition to assuming the expenses associated with the residence, defendant paid plaintiff $19,000 which represented half of the equity in the home. Although on sabbatical leave, plaintiff continues to be employed as a classroom teacher.
Once a substantial change in circumstances was shown, the court was obligated to determine anew whether plaintiff was entitled to receive alimony. At that point, the burden shifted to the party opposing a termination or reduction to prove the need for alimony and facts mitigating against termination or reduction. See McHale v. McHale, 612 So.2d 969 (La.App. 2d Cir.1993), a case involving modification of child support pursuant to La. R.S. 9:311(A), which also applies to modification of permanent alimony.
Over defendant's strong objection, plaintiff chose not to appear in court.[3] The only evidence introduced by plaintiff's counsel was the testimony of plaintiff's sister and brother-in-law who stated that plaintiff was living in Lafayette, Louisiana. The brother-in-law, a former high school principal, apparently handled plaintiff's finances while she received in-house psychiatric treatment. He stated that plaintiff, a teacher in Winn Parish, was on voluntary sabbatical leave and offered a check stub indicating her current earnings, which was a reduction in plaintiff's annual salary from $26,381 to $21,131. He testified that plaintiff was looking for a new car and estimated a monthly note of approximately $400 with a $5,000 down payment. Without giving any details about ownership, model, age or condition, he stated that plaintiff was driving a car. Plaintiff's sister testified that plaintiff had rented an apartment in Lafayette for $595 per month, utilities not included.
The trial court accepted these hearsay statements as proof of plaintiff's current expenses. Although stating that the threshold issue "is whether the previous alimony award... has become unnecessary ...," the trial court reached no conclusion on this question. The trial court simply subtracted the rent and estimated car note testified to by plaintiff's sister and brother-in-law from the expenses plaintiff showed when alimony was initially set. The court then reduced defendant's *802 alimony obligation by the difference. This method was legally incorrect.
Permanent alimony is awarded to a former spouse in need and is limited to an amount sufficient for maintenance as opposed to continuing an accustomed style of living. An award for maintenance or basic necessities includes reasonable expenses for food, shelther, clothing, transportation, medical care, and income tax liability caused by alimony. Clary v. Clary, 550 So.2d 854 (La. App. 2d Cir.1989). Factors to consider in determining whether an ex-spouse is in need of alimony include her income, means, earning capacity, assets, the liquidity of the assets, her financial obligations, her health and age and any other circumstances deemed relevant by the court. Settle v. Settle, 25,643 (La.App.2d Cir. 03/30/94), 635 So.2d 456; Green v. Green, 567 So.2d 139 (La.App. 2d Cir.1990). The evidence (or the lack of it) fails to show that plaintiff is in need of support. La. C.C. art. 112(A).
The record shows that plaintiff lives alone, has no child support responsibility, an annual income of $26,381 which by her choice has been temporarily reduced to $21,131, cash resources of $19,000 and undisclosed movables valued at $16,900. The conversion of a nonliquid asset, such as the family home, into cash is generally used to obtain another residence and not considered in determining a change in circumstances; however, in this case, a material change in circumstances has been shown and is undisputed by the parties. Thus, the cash represents means and must be considered in setting alimony. Plaintiff presented nothing concerning how this cash would be used. See Chatelain v. Chatelain, 94-583 (La.App. 3d Cir. 11/02/94), 649 So.2d 637.
Even if the trial court was correct in allowing the hearsay evidence from the sister and brother-in-law, this record fails to show plaintiff's lack of sufficient means for her maintenance. The record reflects that plaintiff is on sabbatical leave and should shortly be returning to full salary. Further, she no longer has substantial expenses or responsibilities.

Conclusion
For the reasons set forth above, we reverse and render judgment in favor of James Michael Brewton, discharging his permanent alimony obligation. Costs are assessed to plaintiff, Sharon Kay Sanders Brewton.
REVERSED AND RENDERED.
APPLICATION FOR REHEARING
Before MARVIN, C.J., and BROWN, WILLIAMS, CARAWAY and PEATROSS, JJ.
Rehearing denied.
NOTES
[1] The grounds for defendant's rule were allegations of intemperance on plaintiff's part, in addition to criminal charges arising out of her shooting at defendant and "an unknown third person" and mental illness and/or emotional instability.
[2] At the time of the original rule, plaintiff's portion of child support was calculated at 19%.
[3] The record does not indicate the reason for plaintiff's voluntary absence from court.