743 So.2d 300 (1999)
Lee "Billy" GILBREATH, Plaintiff-Appellant,
v.
Lillian GILBREATH, Defendant-Appellee.
No. 32,292-CA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1999.
*301 Loomis & Dement by Albert E. Loomis, III, Monroe, Counsel for Appellant.
Rankin, Yeldell, Herring, Katz & Downs by Stephen J. Katz, Bastrop, Counsel for Appellee.
Before BROWN, STEWART and PEATROSS, JJ.
STEWART, J.
The plaintiff-appellant, Lee "Billy" Gilbreath, appeals the judgment of the Fourth Judicial District Court, Parish of Morehouse, Judge Michael S. Ingram, presiding, *302 granted the exception of res judicata filed by the defendant-appellee, Lillian Gregory Gilbreath. We affirm in part, reverse in part and remand.

FACTS
Lee "Billy" Gilbreath ("Mr. Gilbreath") and Lillian Gregory Gilbreath ("Mrs. Gilbreath") were married on August 7, 1982, and thereafter separated on October 26, 1987. A judgment of divorce was entered on December 29, 1993 awarding Mrs. Gilbreath permanent periodic alimony of $800.00 per month, in part because of a finding by the trial court that she was then physically unable to work. On January 25, 1995, this court affirmed the trial court's judgment, finding no error in the trial court's conclusion, based upon the evidence, that Mrs. Gilbreath had some health problems that restricted her ability to work. In that opinion we specifically noted:
Lillian detailed her medical condition as "heart palpitations" that can cause her to lose consciousness upon physical exertion, and that have even partially interfered with her vision during some episodes. She described the sensation as the "blood pressure drop[ping] in [her] head." Such attacks, after first surfacing in the late 1970's, have recently become more frequent and preclude heavy yardwork. The former wife indicated that she requires assistance even in maintaining her home, and that attempting to work at a job would be too stressful.
On February 12, 1998, Mr. Gilbreath filed a rule for decrease in alimony because his voluntary retirement reduced his monthly income. After a hearing on March 19, 1998 where the parties had an opportunity to present evidence and testimony, the trial court denied the relief sought by judgment entered March 30, 1998. Mr. Gilbreath did not appeal this judgment.
On July 7, 1998, Mr. Gilbreath filed another motion and rule to terminate and reduce alimony alleging a substantial change in circumstances. The allegations concerned Mrs. Gilbreath's current health as it relates to her ability to work, and Mr. Gilbreath's reduced income referred to as "retirement benefits." On July 24, 1998, Mrs. Gilbreath filed an exception of res judicata and no cause of action.
In response to the exception, on November 3, 1998 Mr. Gilbreath filed an amended and supplemental motion and rule to terminate and reduce alimony "beefing up" his allegations of a change in circumstances that would justify a modification of the original alimony. Mr. Gilbreath claims to have hours of video tape recording showing Mrs. Gilbreath engaged in strenuous yardwork and "vigorous manual labor." Mr. Gilbreath further claims that Mrs. Gilbreath's doctor testified at deposition that she is physically capable of holding employment.
The parties engaged in some additional discovery and thereafter the matter came up for hearing on Mrs. Gilbreath's exception. Oral argument by counsel was heard by the trial court on November 16, 1998, after which the judge granted the exception of res judicata, dismissing Mr. Gilbreath's July 7, 1998 motion and rule to terminate and reduce alimony and the amendment and supplement to that motion. The trial judge did not state specific reasons in support of his ruling. From that judgment, the plaintiff-appellant, Mr. Gilbreath, now appeals.

DISCUSSION
A final periodic support award may be modified, waived or extinguished by a district court upon a showing of a change of circumstance of either party. La. C.C. art. 114 and art. 116. An award of alimony is never final. White v. White, 393 So.2d 240, 241 (La.App. 1st Cir.1980). The party seeking the modification or termination of support carries the burden of proof that circumstances have changed since the original award. Rains v. Rains, *303 376 So.2d 1298 (La.App. 2d Cir.1979). The modification of a support award does not require a heightened burden of substantial change of circumstances, instead it requires simply showing a change of circumstances as provided in La. Civ.Code art. 142 and La. R.S. 9:311. Stogner v. Stogner, 98-C-3044 (La.7/7/99), 739 So.2d 762.
In his sole assignment of error, Mr. Gilbreath urges that the trial court erred in granting the Exception of Res Judicata without allowing him to offer testimony and evidence at trial regarding a change in circumstances, including Mrs. Gilbreath's ability to work and perform vigorous labor.
However, Mrs. Gilbreath argues that Mr. Gilbreath's Motion and Rule to Terminate or Reduce Alimony attempts to relitigate the same issues that were litigated in 1993 and reiterates an allegation which was found to be untrue in the March 30, 1998 judgment. Mrs. Gilbreath further argues that there are no allegations in the motion that address conditions that did not exist in March 1998 and that there is no allegation that information regarding her alleged ability to work could not have been found or was not known previously. Mr. Gilbreath cannot file motion after motion seeking to prove that which he has failed to prove on at least two occasions. Therefore, the doctrine of res judicata applies to prevent the repeated usage of court time as well to protect the parties against the unnecessary burdens of litigation arising from repeated lawsuits.
Civilian res judicata applies only to issues actually raised for decision by the parties and actually decided by the court. Williams v. Divittoria, E.D.La.1991, 760 F.Supp. 564. The doctrine of res judicata is stricti juris and any doubt as to the identity of claims must be resolved in favor of the parties against whom the plea is made. The doctrine requires the existence of three "identities" between the previous and subsequent suits: (1) the thing demanded must be the same; (2) the cause of action must be the same; and (3) the same parties must be appearing in the same capacity. Terrebonne v. Theriot, 94-1632 (La.App. 1st Cir. 6/23/95), 657 So.2d 1358, rehearing denied, writ denied, 95-2249 (La.11/27/95), 663 So.2d 743.
After reviewing the record in this case, we find that the facts and circumstances presented herein do not come within the ambit of res judicata principles. The issues involved in this action to terminate and reduce alimony have not been previously raised, considered and decided by the trial court and there is no identity in the cause of action.
Furthermore, we find that the use of summary proceeding such as the doctrine of res judicata has only limited application in a divorce proceeding and a determination of spousal support. La. 13:4232 B.; La. C.C.P. 425; La. C.C. art. 105. As for the appellant's reduction of income from retirement, Mr. Gilbreath is estopped to relitigate the issue of his reduction in income from voluntary retirement. Once this issue was decided on the merits, after proofs were submitted by both parties, and incorporated into the judgment dated March 30, 1998, it became the law of the case. Richard v. Wal-Mart Stores, Inc., 29,926 (La.App. 2d Cir. 10/31/97), 702 So.2d 79, writ denied, 97-3002 (La.2/6/98), 709 So.2d 744; Ward v. Hermitage Insurance Co., 28,236 (La.App. 2d Cir. 4/3/96), 671 So.2d 1229, writ denied, 96-1141 (La.9/3/96), 678 So.2d 554. Therefore, we find no error in the result of the trial court's ruling on Mr. Gilbreath's voluntary retirement and/or reduction in income. To the extent the holding in Baas v. Baas, 91-1715 (La.App. 4th Cir. 9/29/94), 643 So.2d 823, writ denied, 94-2662 (La.12/16/94), 648 So.2d 396, may be construed as inconsistent with this opinion, we decline to follow it.
As for the change of circumstance issue, we find that the trial court erred in granting the exception of res judicata and not permitting Mr. Gilbreath the opportunity to present evidence in support of his contention *304 that there has been a change of circumstances in Mrs. Gilbreath's physical condition such that she could now be employed. Even in the instance where alimony was originally set by consent judgment, the Louisiana Supreme Court has stated: "We also expressly recognize the husband's right to reurge his motion to reduce or terminate alimony and to support that motion with proof of the requisite change of circumstances." Malone v. Malone, 94-0594 (La.5/6/94), 637 So.2d 1039.
It is noted that a finding of a change in circumstances does not axiomatically result in a modification or termination of support. Such a factual finding does, however, shift the burden to the party opposing the modification or termination of alimony to prove need and the relevant factors as set forth in La. C.C. art. 112, such as earning capacity. Brewton v. Brewton, 705 So.2d 799 (La.App. 2d Cir.1998). Here, Mr. Gilbreath must support his contention that Mrs. Gilbreath is now physically capable of holding employment in contrast to her physical condition and overall health at the time the permanent periodic alimony was set. Hornung v. Hornung, 498 So.2d 780 (La.App. 5th Cir.1986); Duplantis v. Duplantis, 470 So.2d 480 (La.App. 1st Cir.1985). If shown, the trial judge must examine the earning capacity and likely employment opportunities for a 63-year-old woman with apparently little work experience.

CONCLUSION
Accordingly, for the foregoing reasons, we affirm the judgment of the trial court granting appellee's exception to the use of summary proceedings, insofar as it relates to the issue of Mr. Gilbreath's reduction in income from voluntary retirement. Otherwise, that portion of the judgment related to the contention that there has been a change of circumstances is reversed, vacated and set aside and the case is remanded to the lower court for a hearing on the merits regarding only those portions of Mr. Gilbreath's motion and rule to terminate and reduce alimony, and the amended and supplemental pleading thereto, which allege a change in Mrs. Gilbreath's physical condition as it may relate to her ability to work.
Costs are assessed against the defendant-appellee, Mrs. Lillian Gregory Gilbreath.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BROWN, J., concurs in part and dissents in part with reasons.
BROWN, J., Concurring and Dissenting,
The doctrine of res judicata has only limited application in a divorce proceeding and determination of spousal support. La. C.C. art. 105; La. R.S. 13:4232(B); La. C.C.P. art. 425. This court is granting Mr. Gilbreath a hearing on his rule to reduce spousal support based on an allegation that Mrs. Gilbreath lied about her physical condition. If Mrs. Gilbreath had been untruthful about her disability, then it may have had an effect on the denial of Mr. Gilbreath's previous rule to reduce based upon his retirement. Thus, I would allow the hearing to include both matters. See Baas v. Baas, 91-1715, 91-2717 (La.App. 4th Cir. 09/29/94), 643 So.2d 823, writ denied, 94-2662 (La.12/16/94), 648 So.2d 396.