775 So.2d 628 (2000)
Francis COUNCIL, Nee Hart, Plaintiff-Appellee,
v.
Douglas R. COUNCIL, Jr., Defendant-Appellant.
No. 34,290-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2000.
*629 Richard L. Fewell, Jr., West Monroe, Counsel for Appellee.
Brown, Erskine, Burkett & Breithaupt, by R. Alan Breithaupt, Monroe, Counsel for Appellant.
Before NORRIS, CARAWAY and DREW, JJ.
DREW, J.
Douglas Council appeals the portion of a judgment increasing his monthly permanent alimony obligation from $200 to $600. We amend, and as amended, affirm.

FACTS
A judgment of divorce was granted in this matter in February 1997. Francis Council ("Francis") was awarded $600 per month in permanent alimony. Douglas Council ("Douglas") was ordered to pay monthly child support of $1,300. In August 1998, Douglas filed a rule for modification of child support and permanent alimony. In a May 1999 judgment, alimony was reduced to $200 per month; child support was reduced to $997 per month. Douglas appealed, but the judgment was affirmed in an unpublished opinion. Council v. Council, 33,417 (La.App.2d Cir.6/21/00), 767 So.2d 967, writ denied, 2000-2213 (La.10/27/00), 772 So.2d 650, 2000 WL 1671236.
On July 13, 1999, Francis filed a "Rule for Increase in Child Support." In the interim since the prior judgment reducing alimony, Douglas had received a degree as a nurse practitioner, resulting in an increase of his monthly income from $3636 to $5000. Francis alleged in her rule that Douglas's increase in income was a sufficient change of circumstance to warrant an increase in child support and permanent alimony. The trial court agreed, increasing the monthly alimony obligation to $600 and the monthly child support obligation to $1,281.48 (reduced to $640.74 during the months of June and July).

DISCUSSION
Permanent alimony is awarded to a former spouse in need and is limited to an amount sufficient for maintenance as opposed to continuing an accustomed style of living. Brewton v. Brewton, 30,134 (La. App.2d Cir.1/21/98), 705 So.2d 799. Maintenance includes food, shelter, clothing, transportation, medical and drug expenses, utilities, household maintenance and income tax liability generated by alimony payments. Settle v. Settle, 25,643 (La.App.2d Cir.3/30/94), 635 So.2d 456, writ denied, 94-1340 (La.9/16/94), 642 So.2d 194.
La. C.C. art. 112 provides the relevant factors to consider when determining the entitlement, amount and duration of final periodic spousal support. An award of periodic support may be modified if the circumstances of either party change and shall be terminated if it becomes unnecessary. La. C.C. art. 114. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. La. R.S. 9:311(A). The modification of a support award does not require a heightened burden of substantial change of circumstances. Gilbreath v. Gilbreath, 32,292 (La.App.2d Cir.9/22/99), 743 So.2d 300 (citing Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762).
In Stogner, the supreme court stated that La. R.S. 9:311 does not require proof of a substantial change in circumstances for the modification of a child support award. La. R.S. 9:311 simply requires that "the party seeking the reduction or increase shows a change in circumstances...." *630 Comment (b) to La. C.C. art. 114 states, in part:
An award of periodic support is subject to modification or termination if either party applies to the court and proves a substantial change of circumstances. R.S. 9:311.

Our emphasis.
Neither La. R.S. 9:311 nor La. C.C. art. 114 state that proof of a substantial or significant change is required to prove a change in circumstances. We believe that the rationale used by the supreme court in Stogner of not requiring a substantial change of circumstances in cases involving modification of child support is equally applicable to cases involving modification of spousal support.
We are mindful that the trial court is vested with great discretion in making alimony determinations. Its judgment will not be disturbed absent a manifest abuse of that discretion. Faltynowicz v. Faltynowicz, 30,605 (La.App.2d Cir.6/24/98), 715 So.2d 90.
Francis filed an affidavit presenting her monthly expenses as $2,180.76. Douglas's attorney objected to any testimony from Francis regarding her expenses as outside the scope of the pleadings. Responding to the objection, Francis's counsel stated:
I have not pled an increase in expenses since the last time we came to court as a ground for an increase in child support or alimony, I'm simply showing the Court what her expenses are today. So I'm not offering them to show that the change in circumstances I'm pleading are an increase in the expenses since December of '98, rather I'm showing the Court what the need is and the Court is very familiar with that.
The court allowed Francis to testify about her expenses. We note that in the prior appeal, Francis's monthly expenses were $1,972.18. Addressing the previous monthly alimony award of $200, this court considered the child support award of $997 per month when calculating Francis's total means of support. Taking her affidavit of expenses in this appeal at face-value, we note that while Francis's monthly expenses have increased by $208.58 since the prior appeal, the child support award has likewise been increased, by $284 .48. In addition, the gross monthly income potential of $1,032 attributed to Francis as her earning capacity has remained the same. Therefore, considering Francis's expenses and means of support, Francis has not demonstrated any increased need for alimony. Accordingly, the sole basis for the raise in alimony was the increase in Douglas's income.
This court has previously stated that the "[r]ising costs of living and the raises that ensue from it do not alone constitute a change in circumstances which would warrant an increase of an alimony award." Clary v. Clary, 550 So.2d 854 (La.App. 2d Cir.1989). Douglas's increased income is not attributable to inflation, but is a direct result of his advancement through education to a career as a nurse practitioner.
Francis's prior alimony of $200 per month, together with her means of support, is enough to meet her alleged expenses. Compare Polk v. Polk, 626 So.2d 1233 (La.App. 4th Cir.1993), writ denied, 94-0066 (La.2/11/94), 634 So.2d 381, where the obligee's decreased ability to work and the obligor's increase in income established the requisite change in circumstances entitling the obligee to an increase in alimony. In addition, we note that in March 1999, Francis received a $21,000 lump sum settlement from a lawsuit.
Under the circumstances presented by this record, we cannot conclude that the increase in Douglas's income alone is a change in circumstance justifying an increase in alimony. As such, the trial court abused its discretion in increasing the monthly alimony obligation from $200 to $600. Accordingly, we amend the judgment deleting that portion which increased the monthly alimony obligation.

*631 DECREE

At appellee's costs, we AMEND the judgment to delete that portion of the judgment increasing Douglas' monthly alimony obligation to $600. As amended, the judgment is AFFIRMED.