942 So.2d 1191 (2006)
Mona Elizabeth Harper MIZELL, Plaintiff-1st Appellant
v.
Jerry Allen MIZELL, Defendant-2nd Appellant.
No. 41,487-CA.
Court of Appeal of Louisiana, Second Circuit.
November 3, 2006.
*1192 Albert E. Loomis, III, Monroe, for 1st Appellant.
Donald L. Kneipp, Monroe, for 2nd Appellant.
Before WILLIAMS, CARAWAY and LOLLEY, JJ.
WILLIAMS, Judge.
This appeal involves two orders issued by the district court. The plaintiff, Mona Mizell, appeals a judgment denying her motion to increase the final periodic spousal support award. The defendant, Jerry Mizell, appeals the trial court's subsequent order, on remand from this court, refusing to reduce his periodic support obligation. For the following reasons, we affirm.

FACTS
This appeal is the third time that these parties have raised the issue of periodic support before this court. The factual and procedural background of this case is also addressed in this court's previous opinions. Mizell v. Mizell, 40,601(La.App.2d Cir.1/25/06), 920 So.2d 927 (Mizell II); 37,004 (La.App.2d Cir.3/7/03), 839 So.2d 1222 (Mizell I). The parties were married in 1972 and three children were born of the marriage. In April 1994, they were granted a divorce. The court designated plaintiff as the domiciliary parent, awarding her child support and $2,100 per month *1193 for alimony. In August 1996, plaintiff began working at State Farm Insurance Company. In October 2000, plaintiff filed a motion for past due alimony and child support. Defendant filed a reconventional demand seeking to terminate alimony payments.
After a hearing, the trial court ordered defendant to make final periodic spousal support payments of $2,100 per month for a period of ten years. On appeal, this court reduced the spousal support payment to $1,000 per month for an unspecified period of time, finding that plaintiff was employed and no longer legally responsible for the expenses of her adult children. Mizell I, supra.
In February 2005, after partition of the community property, the defendant moved to terminate the periodic spousal support award, alleging that plaintiff's finances had improved and her expenses had decreased. Approximately one month later, the plaintiff filed a motion to increase the periodic support award, alleging that State Farm had given notice that her job would be terminated in several months. After a hearing in May 2005, the trial court denied defendant's motion to terminate the final periodic support award and he appealed.
While the appeal was pending, a hearing on the plaintiff's motion to increase the spousal support award was held in December 2005. At that time, the 53-year-old plaintiff was unemployed after her termination by State Farm and she had exhausted her severance and vacation pay. Plaintiff testified that her adult daughter had recently moved out of her home. After hearing testimony, the trial court declined to increase the support award. Citing the LSA-C.C. art. 112 factors, the court found that plaintiff possessed income and "means" which she had "not even attempted to use (see factor 2). Further, this court notes that many of the financial obligations noted did not help further the cause of Mrs. Mizell (see factor 3)." Plaintiff appeals this judgment.
In January 2006, this court rendered a decision in defendant's appeal of the denial of his motion to terminate support. This court found that the evidence showed the plaintiff's need and the defendant's ability to pay. However, stating that the intent of the trial court's ruling was unclear and specifically referencing the court's use of the words "assisting daughter," this court reversed the judgment and remanded for the "purpose of adjusting Jerry's permanent spousal support payments by excluding any support for the couple's major daughter." Mizell II, supra.
On remand, the trial court issued a "Ruling and Clarification for the Record" in response to this court's instructions. The court stated in pertinent part:
This court clarifies and notes that relative to factor three under the Article 112 factors, this court did not initially consider any aspect of the major daughter as a living expense or as an expense of any kind. Instead, this court considered the pertinent facts surrounding the major daughter as a "failure to utilize an asset" in meeting any obligations which may have been at issue. This went more toward the "weight" given to factor three rather than anything else. Therefore, Jerry Mizell's permanent spousal support payments are adjusted only to the extent of having same being "restated" as being as previously ruled by this court in prior proceedings.
The defendant appeals this ruling.

DISCUSSION
The defendant contends the trial court erred in maintaining the periodic *1194 support award of $1,000 per month. Defendant argues that the trial court was required to reduce the amount of his monthly spousal support payment to comply with this court's January 2006 decision.
Permanent alimony is awarded to a former spouse in need and is limited to an amount sufficient for maintenance as opposed to continuing an accustomed style of living. Brewton v. Brewton, 30,134 (La. App.2d Cir.1/21/98), 705 So.2d 799; Gibbs v. Gibbs, 33,169 (La.App.2d Cir.6/21/00), 764 So.2d 261; Council v. Council, 34,290 (La.App.2d Cir. 12/15/00), 775 So.2d 628. Maintenance includes food, shelter, clothing, transportation, medical and drug expenses, utilities, household necessities and income tax liability generated by alimony payments. Settle v. Settle, 25,643 (La. App.2d Cir.3/30/94), 635 So.2d 456, writ denied, 94-1340 (La.9/16/94), 642 So.2d 194; Gibbs v. Gibbs, supra.
Final periodic spousal support is governed by LSA-C.C. art. 112, which provides:
A. The court must consider all relevant factors in determining the entitlement, amount, and duration of final support. Those factors may include:
(1) The needs of the parties.
(2) The income and means of the parties, including the liquidity of such means.
(3) The financial obligations of the parties.
(4) The earning capacity of the parties.
(5) The effect of custody of children upon a party's earning capacity.
(6) The time necessary for the claimant to acquire appropriate education, training, or employment.
(7) The health and age of the parties.
(8) The duration of the marriage.
(9) The tax consequences to either or both parties.
B. The sum awarded under this Article shall not exceed one-third of the obligor's net income.
Louisiana jurisprudence has established that the financial support of a major child may not be considered a living expense of one of the spouses. Mizell II, supra; Launey v. Launey, 98-849 (La.App. 3rd Cir.12/9/98), 722 So.2d 406; Green v. Green, 432 So.2d 959 (La.App. 4th Cir. 1983).
An award of alimony is never final. Gibbs, supra; Gilbreath v. Gilbreath, 32,292 (La.App.2d Cir.9/22/99), 743 So.2d 300. An award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary. LSA-C.C. art. 114. The party seeking the modification or termination of support carries the burden of proof that circumstances have changed since the original award. Gibbs, supra; Gilbreath, supra. A factual finding of a change in circumstances shifts the burden to the party opposing the modification or termination of alimony to prove need and the relevant factors as set forth in Article 112. Mizell I, supra. The trial court is vested with great discretion in making alimony determinations and its judgment will not be disturbed absent a manifest abuse of that discretion. Mizell I, supra; Drury v. Drury, 38,951 (La.App.2d Cir.9/22/04), 883 So.2d 465.
Contrary to the defendant's contention, we do not read this court's prior opinion as a mandatory requirement that the trial court reduce the periodic support payments. *1195 In Mizell II, supra, this court stated that the trial court's intent was unclear because of the form of the judgment and the use of the shorthand phrase "assisting daughter, etc." Consequently, this court remanded for a clarification of the trial court's intent in using those words and, if necessary, for an adjustment of the periodic support payments to the extent that the amount of such payments reflected expenses attributable to the major daughter.
At the hearing on remand, the district court acknowledged that a person reading its May 2005 ruling "could be confused" about the meaning of the court's language. The district court explained that with regard to Article 112 factor number three, the financial obligations of the parties, the court had not considered plaintiff's financial assistance to her major daughter as an expense of the plaintiff in its decision declining to terminate the periodic support award. To the contrary, the district court asserted that the language at issue referred to the major daughter's failure to assist plaintiff with paying her financial obligations. Thus, the court concluded that there was no need to adjust defendant's periodic support payments in the amount of $1,000 per month.
Considering the district court's clarification of the intended meaning of the language used in its May 2005 ruling, we cannot say that the district court abused its discretion in determining upon remand that an adjustment of defendant's periodic support payments was unnecessary. Therefore, the defendant's assignment of error lacks merit.
Plaintiff's Motion to Increase Periodic Support
The plaintiff contends the trial court erred in denying her motion to increase final periodic spousal support. Plaintiff argues that because of her living expenses and her lack of employment, a proper application of the Article 112 factors demonstrates her need for increased periodic support.
In a determination of periodic support, much discretion is vested in the trial court and particularly in its evaluation of evidence that primarily involves weighing the credibility of witnesses. Thus, the trial court's factual findings are accorded substantial weight on review. Mizell I, supra; Pearce v. Pearce, 348 So.2d 75 (La.1977).
In the present case, Dr. Kerry Anders, the plaintiff's family physician, stated that he first saw plaintiff as a patient in 1997, when she was diagnosed with sarcoidosis, a disease which affects the lungs and causes shortness of breath. Dr. Anders testified that plaintiff began complaining of chronic lower left abdominal pain in 2003, following a hysterectomy. Dr. Anders stated that he referred plaintiff to Dr. Mercer, who performed a laparoscopic procedure, and that plaintiff saw Dr. Liles for a cystoscopy. Dr. Anders testified that he could not state that plaintiff was incapable of working. However, Dr. Anders opined that plaintiff would be restricted from performing a job that required sitting for hours at a time and that she would need to be able to periodically stand and walk around.
The plaintiff testified that her mortgage payment was $912.84 per month for a house with an appraised value of $165,000. She stated that her assets included a 1998 Ford automobile with mileage of over 100,000 miles, a savings account with a balance of $600, a checking account with a balance of $300 and a State Farm 401(k) account *1196 with a balance of approximately $13,500. Plaintiff testified that she did not inform the court that her parents had donated their house to her in 1998 because they were still living in the home and she did not "feel" that she owned their house. In addition, plaintiff explained that her parents had donated their home to her as a type of precaution in case her father needed to enter a nursing home because of his poor health at the time. Plaintiff testified that after her State Farm job ended in June 2005, she had applied for one job, but was not hired. The plaintiff stated that she had not taken any other steps to secure a job because she was seeking treatment for her chronic pain. Plaintiff acknowledged that a number of the expenses listed on her affidavit could be reduced, such as the bills for bottled water, cable television, telephone and gasoline.
In its written reasons for judgment and at the hearing, the trial court indicated that it found many of the expenses stated in plaintiff's affidavit to be somewhat inflated. In her testimony, the plaintiff acknowledged that in preparing her current affidavit she had adopted "ballpark" figures from affidavits previously submitted to the court, rather than reviewing her financial records to obtain more accurate expense estimates. Such inaccuracy, along with plaintiff's failure to disclose to the court her parents' donation of their home, could reasonably have influenced the trial court's assessment of her credibility.
Additionally, although the trial court did not specify an earning capacity for plaintiff, the court found that plaintiff should be able to perform some type of work even when her age and health concerns are taken into account. This finding is supported by the medical testimony of Dr. Anders, who opined that plaintiff would be able to work with certain restrictions.
The trial court weighed the credibility of the witnesses and adequately considered the relevant factors set forth in Article 112. After reviewing the record, we conclude that the trial court did not abuse its discretion in declining to increase the final periodic support award of $1,000 per month. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the trial court's judgments refusing to either reduce or increase the final periodic support award of $1,000 per month are affirmed. Appeal costs are assessed to the defendant, Jerry Mizell.
AFFIRMED.