BROWN, Chief Judge.
 

 |defendant, Alice Catherine Bordelon Politz, appeals the judgment of the trial court granting an exception of
 
 res judicata
 
 filed by plaintiff, Nyle Anthony Politz. For the following reasons, we reverse and remand.
 

 Facts and Procedural Background
 

 Catherine Politz filed for final periodic spousal support on February 28, 2003. In response, Nyle Politz filed a petition for rule nisi to deny final spousal support on July 19, 2004. The trial court signed a judgment on April 26, 2005, awarding “final periodic spousal support in the amount of $658.00 monthly ... until the mortgage debt on the house and lot previously owned by the community in which Catherine Politz resides is paid in full.” Catherine appealed the judgment of the trial court, and the matter was heard by the First Circuit Court of Appeal.
 
 [1]
 

 During the pendency of the appeal, Nyle Politz filed a rule and obtained an order terminating Catherine’s exclusive use of the former matrimonial domicile and authorizing him to market and sell the property. On August 30, 2006, while the property was still on the market and the appeal pending, Catherine filed for an increase in final periodic spousal support. On December 14, 2006, the former matrimonial domicile in which Catherine had been living was sold for the sum of $290,000, and the mortgage indebtedness was extinguished. On December 15, 2006, the trial court ordered that from the net sale proceeds Ms. Politz would receive an advance in the amount of $15,000. The judgment further deemed Ms. Politz’s request for an increase in final periodic support to be moot and 12dismissed it without prejudice; however, it reserved the parties’ rights to “a determination as to the amount of final periodic spousal support (if any) and any other issue conceivably germane to a determination of final periodic spousal support.”
 

 
 *554
 
 The ruling of the First Circuit Court of Appeal was handed down on August 1, 2007.
 
 [2]
 
 In its ruling, the court affirmed the trial court's finding of entitlement to final periodic support, but amended the trial court’s award of $658 a month to $1,300, “due and payable monthly until such time as the mortgage debt on the house and lot previously owned by the community, in which Mrs. Politz resides, is paid in full.” Ms. Politz’s subsequent writ to the Louisiana Supreme Court was denied on January 7, 2008.
 

 On October 24, 2007, Ms. Politz filed a rule to show cause why spousal support should not be increased, which was later supplemented and amended to include, in the alternative, a rule to show cause why spousal support should not be awarded. In response, Mr. Politz filed a peremptory exception of
 
 res judicata,
 
 which the trial court granted in a signed judgment on January 15, 2009.
 
 [3]
 
 From this judgment, Ms. Politz appeals.
 

 Discussion
 

 An award of periodic spousal support may be modified, waived, or ended if the circumstances of either party materially change. La. C.C. art. 114; La. C.C. art. 116;
 
 Mizell v. Mizell,
 
 41,487 (La.App.2d Cir.11/03/06), 942 So.2d 1191,
 
 'unit denied,
 
 06-2884 (La.03/09/07), 949 So.2d 440. The ability to modify a periodic award includes the ability to have a fixed-duration award extended. La. C.C. art. 114, Revision Comment (b).
 
 [4]
 
 The party seeking the modification of support carries the burden of proving that circumstances have changed since the original award.
 
 Gibbs v. Gibbs,
 
 33,169 (La.App.2d Cir.06/21/00), 764 So.2d 261.
 

 On appeal, Ms. Politz contends that the trial court erred in granting Mr. Politz’s exception of
 
 res judicata
 
 because a support award is always subject to modification and the basis for the modification sought in the present case has never been litigated. Mr. Politz argues, however, that the issue of duration has been adjudicated, decided by the trial court and affirmed by the First Circuit Court of Appeal. Thus, Mr. Politz asserts, the trial court was correct to find that Ms. Politz was barred by the exception of
 
 res judicata
 
 from trying to relitigate the issue again.
 

 The doctrine of
 
 res judicata
 
 is to be strictly construed, and any doubt as to its applicability is to be resolved in favor of maintaining plaintiffs action.
 
 Thurston v. Thurston,
 
 31,895 (La.App.2d Cir.08/20/99), 740 So.2d 268.
 
 Res judicata
 
 basically performs two functions: (1) it bars relitigating matters that have never been litigated but should have been advanced in an earlier suit, and (2) it bars relitigating matters that have been previously litigated and decided. La. R.S. 13:4231; La. C.C.P. art. 425;
 
 Stelly v. Stelly,
 
 07-640 (La.App. 3d Cir.11/07/07), 969 So.2d 1283.
 
 Res
 
 |
 
 judicata,
 
 however, has only limited application in divorce actions and matters incidental to divorce. La. R.S. 13:4232(B); La. C.C.P. art. 425(B);
 
 Gilbreath v. Gilbreath,
 
 32,292 (La.App.2d Cir.09/22/99), 743 So.2d 300.
 

 In the case
 
 sub judice,
 
 Ms. Politz first filed for an increase in support on August
 
 *555
 
 30, 2006. At that time the former matrimonial domicile had not yet been sold and the appeal on the original support judgment was still pending. Then on December 14, 2006, the house was sold and the mortgage was satisfied. The following day a hearing was held on Ms. Politz’s rule for an increase in support, as well as Mr. Politz’s demand for reimbursement from the sale proceeds. During the hearing the trial court made the determination to reimburse Mr. Politz for certain expenses, as well as advance to Ms. Politz $15,000 from the sale proceeds. As a result of its advancing Ms. Politz $15,000, the trial court further determined that the rule to modify support was moot. More specifically, the trial court stated:
 

 In view of the court’s ruling on these matters, that is that there will be a relatively immediate payment to Ms. Politz of fifteen thousand dollars ... that a hearing on the rule to modify that periodic support will be moot,
 
 at least for the immediate future.
 
 Now by immediate future I mean for the next thirty days. (Emphasis added).
 

 The subsequent judgment of the trial court restated its finding of mootness and dismissed Ms. Politz’s demand for modification without prejudice. The judgment ordered “that any issue regarding the demand for further final periodic spousal support shall be reserved to both [Ms. Politz and Mr. Politz], including, but certainly not limited to, her entitlement to final periodic spousal support.... ”
 

 Ms. Politz filed another rule to increase support on October 24, 2007, which was later supplemented and amended to include, in the alternative, a rule to show cause why spousal support should not be awarded. Mr. Politz filed an exception of
 
 res judicata.
 
 The trial court granted Mr. Politz’s exception of
 
 res judicata
 
 on the basis that the argument made by Ms. Politz “should have been mentioned at the time of the final judgment with reserving her right to bring that.... ” In other words, the trial court found that Ms. Politz’s action to have her support award modified, and/or re-awarded, should have been advanced at the December 15, 2006, hearing.
 

 Although failing to litigate a matter that should have been advanced in an earlier action will often prevent a party from being able to litigate that matter in a subsequent action, there are exceptions. La. R.S. 13:4232 provides the following exceptions to the general rule of
 
 res judicata:
 

 A. A judgment does not bar another action by the plaintiff:
 

 (1) When exceptional circumstances justify relief from the
 
 res judicata
 
 effect of the judgment;
 

 (2) When the
 
 judgment dismissed the first action without prejudice;
 
 or,
 

 (3) When the
 
 judgment reserved the right of the plaintiff to bring another action.
 

 B. In an action for divorce under Civil Code Article 102 or 103,
 
 in an action for determination of incidental matters under Civil Code Article 105,
 
 in an action for contributions to a spouse’s education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801,
 
 the judgment has the effect of res judicata onlg as to causes of action actuallg adjudicated.
 
 (Emphasis added).
 

 Based upon the aforementioned, the trial court erred in granting Mr. Politz’s exception of
 
 res judicata
 
 due to Ms. Politz’s failure to argue at the 16earlier hearing on December 15, 2006, that support should be awarded after the mortgage indebtedness of the former community home was paid. In fact, the trial court’s error was three
 
 *556
 
 fold. First, the December 15 judgment dismissed the request without prejudice. Second, that judgment explicitly reserved to Ms. Politz the right to seek further final periodic spousal support. And lastly, Ms. Politz’s rule to modify periodic support was not actually adjudicated, as was shown by the trial court’s statement “that a hearing on the rule to modify that periodic support will be moot, at least for the immediate future.”
 

 Mr. Politz next urges that Ms. Politz’s request for spousal support is
 
 res judicata
 
 because the original support judgment (April 26, 2005), and the subsequent First Circuit affirmation, held that he was only required to pay support until the mortgage indebtedness on the community house and lot were paid in full. If we agreed with this argument we would, in essence, be saying that a trial court judgment that sets the duration of spousal support, and is affirmed on appeal, is not subject to modification. Not only would this deprive a necessitous party with a change in circumstances from being able to seek modification of the original support award’s fixed duration, it would also go against the legislature’s intent. Revision Comment (c) of La. C.C. art. 112 provides:
 

 Other factors may also form the basis of a fixed-duration award, but it is contemplated that such awards will ordinarily be based upon the assumption that certain facts (such as employment of the recipient) will occur within the term fixed in the judgment awarding support. If those facts have not occurred
 
 at or after the expiration of the specified term,
 
 the recipient may seek modification of the judgment upon proof that circumstances have changed since the awards were 17made; i.e., that the facts that the court assumed would occur did not. (Emphasis added).
 

 See also
 
 La. C.C. art. 114, Revision Comment (b),
 
 supra.
 

 A review of the original support judgment of April 2005 does not reveal what facts, if any, the trial court may have assumed would occur during the term fixed. An argument could be made that the trial court, as well as the court of appeal, assumed that in the event the home had to be sold, the equity from the sale of the house would be sufficient to sustain Ms. Politz, who like Nyle, is an attorney. On the other hand, the courts could have assumed that the mortgage on the house would have been paid off, and Ms. Politz would have been able to reside there without having to pay a monthly mortgage. Regardless of the assumption, we note that a finding of a change in circumstances does not axiomatically result in a modification or termination of support. Such a finding does, however, shift the burden to the party opposing modification or termination of support to prove need, or lack thereof, and the relevant factors set forth in La. C.C. art. 112.
 
 Gilbreath, supra.
 

 Conclusion
 

 For the foregoing reasons, the judgment of the trial court granting Nyle Anthony Politz’s peremptory exception of
 
 res judi-cata
 
 is reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed to plaintiff, Nyle Anthony Politz.
 

 [1]
 

 . This court entered an en banc recusal order on October 26, 2005, due to Ms. Politz being employed with the court as a law clerk at the time.
 

 [2]
 

 . See Politz v. Politz,
 
 05-2568 (La.App. 1st Cir.08/01/07), 2007 WL 2193547,
 
 writ denied,
 
 07-2137 (La.01/07/08), 973 So.2d 728.
 

 [3]
 

 . The Honorable John Joyce granted the exception of
 
 res judicata.
 
 All previous matters, however, were presided over by the Honorable Charles Scott.
 

 [4]
 

 .La. C.C. art. 114, Revision Comment (b) states: "The recipient of a rehabilitative or other fixed-duration periodic award may also seek to have it modified or extended under this Article."