|, COOKS, Judge.
The Defendant appeals the trial court’s finding that it was in constructive contempt of court and the related fine assessed for its wrongful suspension of Plaintiffs’ temporary total disability benefits on October 20, 1997, prior to the signing of the Judgment on November 7, 1997. For the following reasons, we affirm.
FACTS
John L. Sonnier was receiving temporary total disability (TTD) benefits pursuant to a May 5, 1993 Judgment. On May 18, 1995, the Town of Vinton filed a claim to modify Sonnier’s TTD benefits by converting them to supplemental earnings benefits (SEB). On February 5, 1996, the Town expanded its request for relief, seeking to coordinate Sonnier’s workers’ compensation disability benefits with his Social Security disability benefits in accordance with La.R.S. 23:1225(C). This matter came to trial September 8, 1997, with the Office of Workers’ Compensation ^considering both issues.
On October 10, 1997, Reasons for Judgment were rendered denying the Town’s request to modify Sonnier’s benefits from TTD to SEB, but granting the Town’s request to coordinate Sonnier’s benefits as instructed in Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95); 660 So.2d 841.[1] On October 20, 1997, benefits were suspended by the Town in accordance with the Reasons for Judgment. On November 3, 1997, Sonnier filed for contempt proceedings because of the suspension of his benefits prior to the date of the actual rendition of judgment. The judgment, in accordance with the Reasons previously issued was not signed until November 7,1997.
The workers’ compensation judge determined the Office of Workers’ Compensation was without jurisdiction to hear the contempt issue. An appeal followed, and this court affirmed the workers’ compensation judge’s ruling; but we remanded the matter for the limited purpose of hearing evidence and determining the amount of credit due the Town pursuant to La.R.S. 23:1225(C). Town of Vinton v. Sonnier, 98-676 (La.App. 3 Cir.1998); 721 So.2d 992, writ denied, 98-2972 (La.1/29/99); 736 So.2d 836.
On February 23, 1998, Plaintiff filed a “Petition for Rule” in the district court seeking to hold the Town of Vinton in contempt of court for suspending benefits prior to the signing of the Judgment. After hearing the district court held the Town in contempt and imposed a fine of $100.00 per day for each day it delayed reinstating weekly benefits payments. The Judgment also ordered the Town to *820 pay Sonnier a penalty of $3,000.00 and attorney’s fees of $5,000.00. The Town now appeals, asserting the following assignments of error:
|s(l) It is manifestly erroneous and an error of law for the trial judge to find the Town of Vinton in constructive contempt of court for suspending Sonnier’s temporary total disability benefits on October 20,1997.
(2) It is manifestly erroneous and an error of law to fine the Town of Vinton $100.00 per day it delays in reinstating Sonnier’s weekly benefit payments.
(3) It is manifest error and an error of law for the court to award Sonnier penalties and attorney’s fees.
ANALYSIS
The primary question is whether the Defendant was in constructive contempt of court. Contempt proceedings in civil cases are regulated by La. Code Civ.P. arts. 221-227 and La.R.S. 13:4611. La. Code Civ.P. art. 224 states that “[a] constructive contempt of court is any contempt other than a direct one.” Constructive contempt can' arise from the willful disobedience of any lawful judgment, order, mandate, writ, or process of the court.
To find a person or entity guilty of constructive contempt, it is necessary to find that he or it violated the order of court intentionally, knowingly and purposefully, without justifiable excuse. In making this determination, the trial court is vested with great discretion. City of Kenner v. Jumonville, 97-125, 97-210, 97-602 (La.App. 5 Cir. 8/27/97); 701 So.2d 223, writ denied, 97-2890 (La.1/30/98); 709 So.2d 718, cert. denied, 524 U.S. 953, 118 S.Ct. 2371, 141 L.Ed.2d 739 (1998); Reeves v. Thompson, 95-0321 (La.App. 4 Cir. 12/11/96); 685 So.2d 575. The manifest error rule is used when appellate courts are called to review the propriety of civil contempt orders. Parish of Jefferson v. Lafreniere Park Found., 98-345 (La.App. 5 Cir. 9/15/98); 720 So.2d 359, writ denied, 98-2598 (La.10/28/98); 723 So.2d 965. Proceedings for contempt must be strictly construed, and the law does not favor extending their scope. Estate of Graham v. Levy, 93-0636, 93-0134 (La.App. 1 Cir. 4/8/94); 636 So.2d 287, writ denied, 94-1202 (La.7/1/94); 639 So.2d 1167.
|4The threshold question is whether the Defendant’s suspension of temporary total disability benefits was “intentionally, knowingly and purposefully, without justifiable excuse” in contravention of a court order. We find the record supports the district court’s conclusion.
The trial court found the Town in contempt of court because it terminated Sonnier’s judicially determined weekly benefits without the benefit of a final judgment.
The Town admits it chose to temporarily suspend Sonnier’s benefits before the judgment was signed by the workers’ compensation judge. The Town argues since it had continued to pay Sonnier the full amount of TTD benefits during the pen-dency of the matter, it had “accumulated a sizeable credit which should have allowed it to temporarily suspend Sonnier’s benefits and thereafter pay Sonnier benefits at a reduced rate.” However, there is no evidence in the record to support the Town’s claim that it was entitled to a credit. If the Town was entitled to a credit, it was their burden to establish the amount and to show that Sonnier was not injured by the suspension of benefits. This was not done. Recognizing the vast discretion afforded the trial court, we find no error in its ruling considering the particular circumstances presented.
The trial court imposed a $100.00 fine per day for each day the Town delayed reinstating Sonnier’s weekly benefits payments. The Judgment also ordered the Town to pay Sonnier a penalty of $3,000.00 and attorney’s fees of $5,000.00 pursuant to La.R.S. 23:1201(G).
La.Code Civ.P. art. 227 provides “[t]he punishment which a court may impose *821 upon a person adjudged guilty of contempt of court is provided in R.S. 13:4611.” La. R.S. 13:4611 provides in pertinent part:
Except as otherwise provided for by law:
| s(l) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of contempt of court therein, as follows:
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
(d) For any other contempt of court, including disobeying an order for the payment of child support or alimony or an order for the right of visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.
The Town argues this penalty provision limits the amount a court may fine a person to $500.00 for an act of constructive contempt. We disagree. In Jumonville, 701 So.2d 223, the appellate court acknowledged the $500.00 limitation of La.R.S. 13:4611(l)(d), but affirmed a fine for contempt of $9,050.00. The court stated:
The Jumonvilles argue that the fine of $9050 is excessive under LSA-R.S. 13:4611, which authorizes a maximum $500 fine. We disagree. The Jumon-villes’ fines represent $50 per day of the home’s noncompletion, as per the terms in the October 23, 1996 and January 23, 1997 judgments. Those judgments specifically state that the fines are per a five day work week and exclude legal holidays from the calculations.
Each $50 per day fine is for a separate act of contempt of court. Implicit in the statute is that no single act of contempt shall be fined more than $500. The Jumonvilles’ fines continue to accrue, because each day they do not finish their home is a separate and distinct act of contempt under the judgments.
Id. at 233.
The trial court referred to the Ju-monville case and noted the fine provided for in R.S. 13:4611 “can be assessed as a fine for each day of failure to obey.” The trial court did not legally err in fining the Town $100.00 per day for each day it delayed in reinstating Sonnier’s benefits payments. However, we find the trial court erred in assessing penalties and attorney’s fees pursuant to La.R.S. 23:1201(G). The workers’ compensation act grants authority only to the workers’ compensation judge to award such relief. We therefore remand the question of attorneys fees and penalties to the workers’ compensation judge for hearing and disposition.
DECREE
| i;For the foregoing reasons, the judgment of the trial court is affirmed, except that portion awarding penalties and attorney’s fees under La.R.S. 23:1201(G), which is remanded to the Office of Workers’ Compensation. Costs of this appeal are assessed to defendant-appellant, the Town of Vinton.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PICKETT, J., dissents.

. The Garrett opinion was overruled by the Louisiana Supreme Court in Al Johnson Construction Co. v. Pitre, 98-2564 (La.5/18/99); 734 So.2d 623, to disallow the offset of social security benefits under La.R.S. 23:1225(C)(l)(c).