784 So.2d 817 (2001)
Leslie Therese Fried CHANCE
v.
David Gordon CHANCE.
No. 00-1658.
Court of Appeal of Louisiana, Third Circuit.
May 2, 2001.
*818 Jacques B. Pucheu, Jr., Eunice, LA, Attorney for Plaintiff/Appellee Leslie Therese Fried Chance.
L. Kimberly Morrow, Opelousas, LA, Attorney for Intervenors Elspeth and Will Chance.
Helen Scott Johnson, Lafayette, LA, Attorney for Defendant/Appellant David Gordon Chance.
Court composed of DOUCET, Chief Judge, THIBODEAUX, and SULLIVAN, Judges.
DOUCET, Chief Judge.
David Gordon Chance appeals the trial court's custody order and its denial of his motion for new trial/reconsideration.
The parties married in 1977. At that time, David Chance adopted Leslie Chance's two children from a previous marriage, Sara and Lance. Subsequently, *819 they had two children of their own, Elspeth, born in 1986, and William, born in 1989. The parties separated in March 1998 and Leslie Chance filed a petition for divorce on April 3, 1998. A hearing concerning the custody of Elspeth and William was held on November 3-5, 1998. The trial court issued reasons for judgment on December 9, 1998, awarding custody as follows:
The above [Evans v. Lungrin, 97-0541, 97-0577 (La.2/6/98); 708 So.2d 731] noted it is the decision of the Court that it is in the best interest of the children that joint custody is to be awarded and that the father is to be the custodial or domiciliary parent. It should be noted however that Act 261 has also affected the terms of the "domiciliary parent", in that notwithstanding the domiciliary parent's right to make all decisions affecting the children, joint custodians are now much more clearly obligated to exchange information concerning the health, education, and welfare of the child and to confer with one another in exercising decision making authority.
The Court has also determined that the mother shall have extensive visitation privileges. Shared visitation will continue "basically" as is presently in effect with the father keeping the children half of the time and the mother keeping the children half of the time. The father and the mother are to divide up major holidays wherein the father and the mother will rotate holidays on an odd/even numbered year basis. The mother will always hav[e] the children on Mother's Day and the father will always have the children on Father's Day.
As a special condition to custody/visitation the children shall have reasonable access to both parents all of the time. If the children are at the mother's house for a two week period and wish to talk to their father via the telephone or computer, etc, the children shall be allowed to make this communication and vice versa. As another special condition, the Court will require that the mother maintain a housekeeper on a permanent basis for at least three days a week during the weeks that the children are home.
The court entered a judgment based on its reasons for judgment on January 6, 2000. On January 7, 2000, David Chance filed a motion for a new trial which the trial court denied.
The court appointed an attorney for Elspeth, and she filed a motion for reconsideration of the custody plan citing new evidence. The new evidence apparently consisted of Elspeth's desire to have a "home base," and her negative reaction to the custody plan instituted by the trial court. The trial court denied the motion and terminated the appointment of the children's attorney.
David Chance appeals the court's custody ruling as well as its denial of the motion for reconsideration. He specifies error as follows:
1. The District Court erred in awarding joint custody.
2. The District Court erred in designating David Gordon Chance as domiciliary parent and then depriving him of effective decision making authority.
3. The District Court erred in ordering an equal sharing of physical custody and a disruptive visitation schedule.

JOINT CUSTODY AND EQUAL SHARING
La.Civ.Code art. 132 provides that:
If the parents agree who is to have custody, the court shall award custody in *820 accordance with their agreement unless the best interest of the child requires a different award.
In the absence of agreement, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent.
La.R.S. 9:335(A)(2)(b) provides that: "To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally."
David Chance argues that he has established, by clear and convincing evidence, that it is in the best interest of the children that he have sole custody. He further argues that the equal sharing plan enacted by the trial court is disruptive. He asserts that the judgment is not in the best interest of the children in that they need a home base. In making these arguments he relies heavily on the testimony of the court appointed psychological expert, Dr. Mark Vigen. It is to be noted that the version of the evidence given by the Appellant in his brief is one sided and does not accurately reflect the contents of the record as a whole. The record reveals the personal failings and weakness of both parties. However, the record also shows that both are excellent parents and have done and continue to do an outstanding job of raising all their children. Both parties need to accept that each has different, but equally important gifts to offer to their children. It is true that Dr. Vigen recommended that David Chance be given sole custody of the children with extensive visitation to Leslie Chance. However, the trial judge ordered joint custody and explained his rejection of the expert's recommendation as follows:
The Court will also address the Court appointed expert. On this issue the Court followed the rationale set forth in Day v. Day, 97-1994 (La.App. 1 Cir. 4/8/98), 711 So.2d 793. In Day, after listening to the recommendations of the Court appointed expert, the Court did not follow the recommendations of the expert, stating "the ultimate `best interest of the child' decision rests squarely in the exclusive province of the Court." This decision was affirmed by the appellate Court with the case remanded for implementation of a visitation plan since one had not already been established. It is an observation by the Court that when we as Judges are dealing with jury trials we give jurors instructions that are to the effect that experts that are testifying are not present to decide the case for jurors but are there simply to assist the jurors in arriving at a fair decision. We as Judges must follow the same rule of law and it was obvious to the Court that the recommendation of the Court appointed expert, Mark Vigen, was by his own admission a "close call". It was also obvious from his recommendations for mother visitation that the children would still be spending a substantial amount of time with the mother and that the custody visitation schedule which the Court is imposing does not increase that percentage extensively. Additionally, the evidence from Mr. Vigen was to the effect that the minor daughter, Elspeth Virginia Chance, was in need of "feminine direction" and since the father is not remarried, the likely person that she can get this from is her mother. That will obviously necessitate substantial contact between the two.
The court's determination that joint custody is the best interest of the children is "entitled to great weight and will not be disturbed absent a clear showing of an *821 abuse of discretion." Curtis v. Curtis, 34,-317, p. 5 (La.App. 2 Cir. 11/1/00); 773 So.2d 185, 190.
After reviewing the record, we agree with the trial court's assessment of the expert testimony. We further note that the evidence adduced at trial shows that the custody arrangement ordered by the trial court was one which was already being implemented by the parties for a period of more than five months prior to the custody hearing. Although David Chance did not feel that the schedule was workable, the evidence shows that it was, in fact, working. There was no evidence of substantial conflicts and, judging from the evidence, both parties were flexible about the visitation schedule according to the needs of the children. We find no error in the trial court's conclusion that the need for a home base is outweighed by the benefits of spending equal time with each parent. Although Dr. Vigen testified that Elspeth has conflicts with her mother and expresses a desire to live with her father, he admitted that it is common for girls this age to have problems with their mothers as part of the normal separation process. Both parents would do well to help Elspeth to accept the situation as it exists. Dr. Vigen stated that Elspeth is in need of a feminine role model. As the trial court stated, her mother is in the best position to supply this.
Since the record supports the conclusion that equal sharing is both feasible and in the best interest of the children, we find no error in the trial court's decision to grant joint custody with an equal sharing of physical custody. Finding no abuse of discretion, we will not disturb the trial court's decision in this regard.

DECISION MAKING AUTHORITY
The joint custody plan states that:
The Mother and Father shall be awarded joint custody of the minor children of the marriage, Elspeth Virginia Chance and William David Chance, with the Father, David G. Chance, being the domiciliary parent. It is preferably stated that pursuant to Act 261 of the Louisiana Legislature and notwithstanding the domiciliary parent's right to make all decisions [a]ffecting the children joint custodians, David G. Chance and Leslie Fried Chance are hereby obligated to exchange information concerning the health, education, and welfare of the children and to confer with one another in exercising decision making authority regarding the children with all decisions to be made in the best interest of the children.
David Chance asserts that the trial court erred in giving him domiciliary custody of the children, yet depriving him of sole decision making authority.
La.R.S. 9:335(B)(3) provides that:
The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.
(Emphasis added.)
Contrary to the arguments of David Chance, we find nothing vague or ambiguous in this provision. While David Chance, as domiciliary parent, has decision making authority, he is required to exchange information with and to consult Leslie Chance when making decisions. Input from the children's mother, with whom they will be spending fully half their time, can only be a valuable resource in deciding *822 what is in the best interest of the children. Exchange of information is in the best interest of the children regardless of which party has decision making authority and is absolutely necessary to the continued well-being of the children physically, emotionally and socially. Failures in this area often arise out of unwillingness to deal with the other party due to the natural animosity concomitant with separation and divorce. However, commitment to the best interest of the children must override any such feelings. Therefore, we will not disturb the trail court's decision in this regard. Should any conflict arise with regard to a major decision affecting the children, the matter may be brought before the trial court for adjudication pursuant to La.R.S. 9:335.
Mr. Chance further argues that the following language found in the joint custody plan is inappropriate and not reflective of the court's orders and should, therefore, be removed:
It is acknowledged that both parties, in considering that the following Custody Plan has been determined by the Court to be in the best interest and welfare of the minor children at this time, hereby agree to the physical and residential care of the minor children in accordance with the following terms and conditions and that the purpose of this plan is for both parties to make the best effort possible to make a workable situation out of an imperfect set of circumstances.
Mr. Chance argues that this language makes it appear that he has agreed to the custody arrangement when in fact he is completely opposed to it. However, we find the inclusion of this statement to be at worst harmless error. The inclusion of this statement in no way affects any right of Mr. Chance with regard to the plan. The plan reflects the order of the trial court. Modification of custody plans, whether by consent decree or considered decree of the court, may only be obtained where there is shown to be a material change of circumstances since the custody decree was rendered. Kulbeth v. Kulbeth, 99-1785 (La.App. 3 Cir. 4/5/00); 758 So.2d 969. Accordingly, we find no error either in the requirement that the custodial parent consult and exchange information with the non-custodial parent in making decisions or in the inclusion of the above referenced statement in the custody plan.

MOTION FOR NEW TRIAL/RECONSIDERATION OF JUDGMENT
While not urged as a separate assignment of error, the Appellant has throughout his appeal brief urged as error the failure of the trial court to grant either his motion for new trial or the motion for reconsideration filed by the children's appointed counsel. We initially note that "the Code of Civil Procedure does not provide for a `motion for reconsideration' with respect to any judgment." Reed v. Columbia/HCA Information Service, Inc., 99-1315, p. 5 (La.App. 5 Cir. 4/25/00); 761 So.2d 625, 627. If we treat the motion as a motion for new trial, it was filed more than 7 days, exclusive of legal holidays after the mailing of the notice of judgment. Therefore, we will not consider it on appeal.
We will however, consider the motion for new trial timely filed by David Chance.
La.Code Civ.P. art 1972 provides the peremptory grounds for new trial as follows:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.

*823 (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
David Chance first asserted that the judgment of the court was contrary to the law and the evidence. Having already found the judgment to be supported by the record and within the discretion of the trial court, we need not consider this argument. He further asserted that newly discovered evidence had been located. On appeal, Mr. Chance asserts the existence of this newly discovered evidence in allegations that the children are not served by being denied a home base and that Elspeth is unhappy with the plan and wants to live only with her father. After examining the record, we find that these arguments and assertions are not new but were dealt with by the trial court at the custody hearing. We find nothing in the motion or in the accompanying affidavit which suggests that new evidence exists which was not considered by the court in reaching its decision herein. Nor do we find any other good ground for a new trial. La.Code Civ.P. art. 1973. Accordingly, we find no error in the trial court's denial of the motion for new trial.

CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Appellant, David Chance.
AFFIRMED.