STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

SHAUN CAILLIER MCCORVEY

VERSUS

DERRIEL CARLTON MCCORVEY

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 02-C-2619-D
HONORABLE ROBERT BRINKMAN, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED; MOTION TO REDUCE CHILD SUPPORT DENIED.**

Alex L. Andrus, III
Guglielmo, Lopez, Tuttle, Hunter & Jarrell, L.L.P.
Post Office Drawer 1329
Opelousas, LA   70571-1329
(337) 948-8201
COUNSEL FOR PLAINTIFF/APPELLEE:
     Shaunn Caillier McCorvey

Glenn J. Labbe'
Post Office Box 90870
Lafayette, LA   70509
(337) 233-3033
COUNSEL FOR DEFENDANT/APPELLANT:
     Derriel Carlton McCorvey

Derriel Carlton McCorvey
Post Office Box 2473
Lafayette, LA   70502
(337) 291-2431

AMY, Judge.

The defendant was found in contempt of court for failing to comply with a child support order. The defendant was ordered to pay the arrearage within thirty days or spend thirty days in jail. He was also ordered to pay attorney's fees, and his hunting and fishing licenses were suspended. The defendant filed a notice of intention to apply for emergency writ, mandamus, and prohibition with a request for the trial court to stay execution of its rulings. The trial court denied this request. The defendant subsequently filed a writ and motion and order to stay the trial court's oral reasons for judgment, which were denied. The defendant has perfected this appeal. For the following reasons, we affirm the finding of contempt and deny the motion to reduce child support.

**Factual and Procedural Background**

The record indicates that after approximately ten years of marriage, the plaintiff, Shaunn Callier-McCorvey Harden (hereinafter "Harden"), and the defendant, Derriel C. McCorvey (hereinafter "McCorvey") divorced. On November 8, 2002, McCorvey was ordered to pay interim child support payments of $673.00 per month. Harden subsequently filed a motion to set final child support. A hearing was held in December 2004, and a judgment was rendered on January 25, 2005, in which McCorvey was ordered to pay $1,544.87 per month in child support "retroactive to the date of filling[sic] suit on June 24, 2002[.]" The trial court determined that McCorvey owed $27,027.97 in arrearage and ordered that he make monthly payments of $500.00 per month plus legal interest until paid.

McCorvey filed an appeal of the January 25, 2005 judgment with this court.[1] The record then reveals that on February 22, 2005, Harden filed a rule for past due support, contempt, and attorney's fees. McCorvey filed a motion to decrease child support on March 9, 2005. In response, Harden filed exceptions of res judicata, no cause of action, and lack of jurisdiction. On April 22, 2005, a hearing was held on both the rule for past support, contempt, and attorney's fees and the motion to decrease child support. The trial court declined to hear McCorvey's motion, stating that it did not have jurisdiction over the matter. Finding McCorvey "guilty of intentional, purposeful civil contempt with no justifiable excuse," the trial court ordered him to pay "arrearages with interest within thirty (30) days from April 22, 2005" or otherwise serve thirty (30) days in jail. He was also assessed with attorney's fees, and his hunting and fishing licenses were suspended.

On April 29, 2005, McCorvey filed a notice of intention to apply for emergency writs of certiorari, mandamus, and prohibition and for stay. The request for stay was denied. He filed his writ with a request for expedited consideration and request for stay, which this court denied. He now appeals, asserting two assignments of error:

1. The trial court erred in holding Derriel McCorvey in contempt of court without justifiable excuse when McCorvey made child support payments based upon his actual income.

---

[1] We note that although that appeal has now been decided, the opinion has not yet been released for permanent publication in the law reports. In that decision, this court adjusted McCorvey's total monthly child support award from $1,544.87 to $1,198.26, with credit for any overpayments he may have made. Furthermore, the award of $27,027.97 in arrearage was reversed. *McCorvey v. McCorvey*, 05-889 (La.App. 3 Cir. 2/1/06), ___ So.2d ___.

2. The trial court erred in refusing to hear McCorvey's Motion to Reduce Child Support despite McCorvey's allegations that a change in circumstances existed that would warrant a reduction in the child support order even though McCorvey is appealing the January 25, 2005 judgment on final child support.

## Discussion

*Contempt of Court*

In his brief submitted to this court, McCorvey questions the circumstances surrounding the award for final child support. He states that although the hearing was held in December 2004, the trial court "set a discovery cutoff date of May 2004 for the Parties['] income and expense documentation." As such, the trial court did not examine his documentation from June 2004 to November 2004, which McCorvey contends was crucial in assessing his monthly income. He argues that because he made child support payments based upon his actual monthly income of $2,950.00 and not $7,500.00 as the trial court determined, the trial court erred in holding him in contempt of court without a justifiable excuse.

Louisiana Code of Civil Procedure Article 221 provides:

A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.

Contempts of court are of two kinds, direct and constructive. Constructive contempt is defined as "any attempt other than a direct one." La.Code Civ.P. art. 224. "Willful disobedience of any lawful judgment, order, mandate, writ, or process of the court" constitutes constructive contempt. *Id*. In *Sonnier v. Town of Vinton*, 99-927, p. 3 (La.App. 3 Cir. 12/22/99), 759 So.2d 818, 820, the court stated:

> To find a person or entity guilty of constructive contempt, it is necessary to find that he or it violated the order of court intentionally, knowingly and purposefully, without justifiable excuse. In making this determination, the trial court is vested with great discretion. *City of Kenner v. Jumonville*, 97-125, 97-210, 97-602 (La.App. 5 Cir. 8/27/97); 701 So.2d 223, *writ denied*, 97-2890 (La.1/30/98); 709 So.2d 718, *cert. denied*, 524 U.S. 953, 118 S.Ct. 2371, 141 L.Ed.2d 739 (1998); *Reeves v. Thompson*, 95-0321 (La.App. 4 Cir. 12/11/96); 685 So.2d 575. The manifest error rule is used when appellate courts are called to review the propriety of civil contempt orders. *Parish of Jefferson v. Lafreniere Park Found.*, 98-345 (La.App. 5 Cir. 9/15/98); 720 So.2d 359, *writ denied*, 98-2598 (La.10/28/98); 723 So.2d 965.

On cross-examination, McCorvey testified that he did not choose to disobey the trial court's order to pay child support for November and December 2004. He explained: "I didn't receive a fee after October of 2004. I received no money, no earned income from my law practice or from any other source for the month of November or December of 2004 . . . yet, I still found a way to pay her something." We reference the fact that, in the previous case, McCorvey's motion for reduction in child support was set for December 2004, and he requested a substantial reduction at that hearing.

McCorvey testified that because of his lack of income, he "had to take money from [his] line of credit. . . to appeal the decision that -- ordering me to pay $2000.00 a month combined." He also stated that he had to procure a loan to comply with an order from the trial court. In December 2004, he was ordered to pay $5,000.00 cash as a deposit to an attorney because he would not timely submit his records. McCorvey explained that he posted the $5,000.00 bond because he did not want to go to jail. However, when the trial court returned the money to him, he "immediately took it and put it right back onto [his] line of credit, because it was jacking up [his] monthly payments and causing [him] problems there." McCorvey did not use the

4

$5,000.00 to pay $396 in delinquent child support remaining owed for November and December 2004. According to Harden, instead of paying the required $673.00 for each of those two months, McCorvey paid $450 and $500 respectively.

The final judgment for child support was rendered on January 25, 2005, in which McCorvey was ordered to pay $1,544.87 per month in child support plus $500.00 per month in arrearage. Harden testified that for the months of January through April 2005, McCorvey only paid $500.00 per month in child support.

In finding McCorvey in contempt of court, the trial court explained:

> In these proceedings, I find that there was a knowing failure to make payment as ordered by the court. And it was intentional. I mean, he said he did it. The question is whether it was done without a justifiable excuse. And I'm going to proceed in this case as if it is a civil contempt and not a criminal contempt. He was able to borrow money to pay Mr. Ortego, as ordered by the court. Which means he had a means of securing money to pay his full child support obligation as ordered by the court. Which means that having that avenue available to him, there was no justifiable excuse for not paying. Consequently, I find that there was a -- he was engaged in conduct which arises -- rises to the level of a civil contempt.

Considering the evidence before us, we find no error in the trial court's determination that McCorvey "intentionally, knowingly and purposefully, without justifiable excuse" failed to fully comply with the child support orders. Therefore, we find no merit in this assignment of error.

*Reduction of Child Support*

In his brief submitted to this court, McCorvey asserts that in his motion to decrease child support, he "alleged that his support order should be reduced since the trial [court] failed to consider seven (7) months of his income . . . [as it] set a discovery cutoff date of May 2004 for the Parties['] income and expense

5

documentation." McCorvey argues that he "was assessed a monthly income of $7,500[.00] when the final support order was rendered, despite the fact that this amount was not supported by documentation."

McCorvey contends that even though that matter is separately on appeal, the trial court erred in refusing to hear his present motion to reduce child support. He questions this ruling insofar as "on April 22, 2005, there was an additional four (4) months of earnings evidence that also established a change in circumstances that was submitted in the contempt hearing on that day." He argues that although he was initially assessed with a monthly income of $7,500.00, he provided the trial court with documents showing that "he earned only $2,950[.00] per month this year[.]" McCorvey contends that "[t]his clearly demonstrates a substantial change in circumstances."

After reviewing McCorvey's motion to reduce child support and his brief submitted to this court, we note that McCorvey refers to two time periods, in which he challenges the trial court's determination regarding his income and, therefore, the correctness of his child support obligation. We find an important distinction between the relevant time periods.

McCorvey first refers to the December 2004 hearing in which the trial court set a discovery cutoff date of May 2004 for any documentation regarding McCorvey and Harden's income and expenses. In his March 9, 2005 motion to decrease child support, McCorvey "avers that circumstances have changed to such a decree [sic] and extent since the discovery cutoff date [of] May 2004 for submission of the Parties' income and expense documentation, such that mover is unable to pay child support

6

and arrears at that rate awarded in the January 25, 2005 [judgment] and is entitled to a decrease in child support."

With regard to the time period of May 2004 to the date of the judgment on January 25, 2005, we find that the trial court did not err in declining to hear McCorvey's motion to reduce child support as this issue was already adjudicated and on appeal to this court under docket number 05-889. In fact, as we have noted, that appeal has now been decided. *See McCorvey v. McCorvey*, 05-889 (La.App. 3 Cir. 2/1/06), ___ So.2d ___.

Our attention then turns to the second time period addressed by McCorvey. McCorvey alleges "that his circumstances have changed to such a degree and extent since the January 25th [2005] judgment that he has justifiably been unable to pay the child support and arrearages previously ordered."

During the hearing on April 22, 2005, McCorvey introduced into the record evidence regarding his income and expenses. Although the trial court stated that it "will consider evidence from the date that he signed the judgment in this matter, the one that's on appeal, until today's date regarding [his] income," it only used that evidence "as a mitigating factor to determine whether or not [McCorvey's] in contempt." In declining to hear McCorvey's motion for reduction of child support, the trial court explained:

> The Children's Code is very explicit, and it's more explicit than the article dealing with suspensive appeals and devolutive appeals in the Code of Civil Procedure. [Louisiana Children's Code Article 336 p]aragraph C says that a suspensive appeal shall not suspend the execution of the judgment insofar as the judgment relates to custody or child support. That simply tells me once that issue goes on appeal I can't touch it. The figure that's on appeal right now is the figure that you're asking me to modify. I don't have jurisdiction to do that. What

7

you're asking me, in effect, to do is to give you a backdoor suspensive appeal, which I can't do. . . . I can't modify a figure that I don't know what it is right now. And that will be done by the court of appeals and maybe the Supreme Court. Once that figure becomes final, then you can attack that figure if they've said, "Yes, Judge McGee made you pay too much." But they may say you weren't made to pay enough and then we're in a completely different boat. So my position is right now I am not going to touch any figures that were fixed by Judge McGee. . . . This can all be undone. As you say, it's never final. This can all [b]e undone, but that won't happen until the appellate court acts on your appeal right now on what Judge McGee did.

We conclude that the trial court erred in refusing to hear McCorvey's motion for reduction of child support as it relates to the time period subsequent to the previous adjudication on January 25, 2005. McCorvey filed his devolutive appeal of that decision prior to filing his motion for reduction of child support on March 9, 2005. In that motion, McCorvey sought a reduction in child support from the date the judgment was rendered on January 25, 2005. He alleged that since that date, his circumstances have changed to a such a degree and extent that he cannot pay child support and arrearage. Accordingly, we find that the trial court had jurisdiction to hear McCorvey's motion as this particular issue was not the subject of the prior decision or appeal. McCorvey's prior appeal was necessarily limited to those issues under consideration, including the amount of child support awarded, in the January 25, 2005 judgment.

Although the trial court erred in not considering this second time period, we will review the matter as we have the complete record before us. *See Price v. Roy O. Martin Lumber Co.*, 04-227, p. 11 (La.App. 1 Cir. 4/27/05), 915 So.2d 816, 824 ("where a legal error interdicts the fact-finding process and the record is otherwise complete, an appellate court should then conduct a *de novo* review of the record in

rendering its decision."). We, therefore, examine whether McCorvey is now entitled to a reduction in child support based on the applicable time frame.

Louisiana Revised Statutes 9:311 provides in pertinent part:

A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a material change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.

"This implies that the parties must return to court with their evidence." *Walker v. Walker*, 02-606, p. 3 (La.App. 3 Cir. 12/4/02), 832 So.2d 1098, 1101. The court explained:

Furthermore, La.R.S. 9:311's COMMENT (A) provides that a reduction or increase in child support must be supported by a change in circumstances which is material. It defines *material* as:

[A] change in circumstance having real importance or great consequences of the needs of the child or the ability to pay of either party. The amendment specifying *that the court first consider the threshold matter of materiality of the change in circumstance* overrules *Stogner v. Stogner*, 739 So.2d 762 (La.1999), in which the Louisiana Supreme Court held that any change in circumstances is sufficient to justify a reduction or increase in child support, a conclusion extended to spousal support by the court of appeal in *Council v. Council*, 775 So.2d 628 (La.App. 2 Cir.2000).

*Id*. (Emphasis added).

In accordance with La.R.S. 9:311, McCorvey was required to show a material change in circumstances between the time of the previous award and the time of the motion for modification of the award. McCorvey presented evidence outlining his expenses and reported income. He prepared a financial summary which indicates that he earned $2,950.00 per month for January 2005 to April 2005. Our only indication of what McCorvey earned in 2004 is ascertained from his testimony during the April

9

22, 2005 hearing. McCorvey alleged that he earned $36,000.00 for 2004.[2]

According to the testimony presented, his monthly income has not decreased significantly from 2004 to 2005 but rather has remained unchanged. Furthermore, we find nothing in the record that supports McCorvey's argument that there has been a change in circumstances from January 25, 2005 to March 9, 2005, when his motion was filed. In sum, McCorvey's assertions as to means, both before and after the period under consideration in the present motion, were substantially similar. After reviewing the evidence, we conclude that there has not been a material change in circumstances so as to entitle McCorvey to a reduction in his child support obligation.

Accordingly, McCorvey's motion to reduce child support is denied.

## DECREE

For the foregoing reasons, the judgment of the trial court finding McCorvey in contempt of court is affirmed. After conducting a *de novo* review on McCorvey's motion to reduce child support, we find that he has not shown a material change in circumstances; therefore, his motion is denied. All costs of these proceedings are assessed against the defendant, Derriel C. McCorvey.

**AFFIRMED; MOTION TO REDUCE CHILD SUPPORT DENIED.**

---

[2] We note that McCorvey alleged in his prior appeal that he earned $3,038.54 per month or $36,462.50 in annual income for the year 2004. This figure was highly contested in the previous *McCorvey*, ___So.2d ___, in which this court recently concluded that, based on the evidence presented, the trial court's determination that McCorvey had misrepresented his income and that his monthly income was $7,500.00 was not manifestly erroneous. There is no evidence before us which would cause us to reevaluate that finding.

10