EUNICE D. JYNES, INDIVIDUALLY, AND ON BEHALF OF HER MINOR CHILDREN KENADERA JAMES AND DESIRE JYNES
v.
MRODNEY DIDDON, HAROLD CARRILES, SAFEWAY INSURANCE COMPANY AND ABC INSURANCE COMPANY.
No. 2007 CA 1660.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
NOT DESIGNATED FOR PUBLICATION
MELISSA F. DOISE, MICHELLE DELBOACH BROOKS, KEITH M. BORNE, PAUL D. DUGAS, Counsel for Defendant/Plaintiff in cross-claim/Appellant Safeway Insurance Company.
JASPER BROCK, Counsel for Defendant/Appellee Rodney Diddon.
Before: GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
In this suit for damages arising from a vehicular accident, defendant and plaintiff-in-cross-claim, Safeway Insurance Company of Louisiana (Safeway),[1] has appealed a March 1, 2007 judgment dismissing its cross-claim against the defendant-in-cross-claim, Rodney Diddon.[2] In the appeal, Safeway assigned error to the trial court's finding that the cross-claim was abandoned and that Safeway failed to appear at a trial in September of 2004. After a review of the record on appeal, we reverse the March judgment and remand the case to the court below for further proceedings.
On November 12, 2002, plaintiffs, Eunice D. Jynes, individually and on behalf of her minor children, filed a suit for damages against various defendants, including Safeway and Mr. Rodney Diddon. In December of 2002, Safeway answered, filed a cross-claim against Mr. Diddon, and subsequently filed a request for notice. Without specifying what "petition" he was addressing, Mr. Diddon filed a handwritten answer in which he denied all allegations in one sentence and stated that he had no insurance in a second and final sentence. In July of 2003, plaintiffs filed a request for trial on the merits of their petition for damages. No mention was made of the cross-claim. A trial was set for September 13, 2004. The minutes for that day state, as follows: "This matter was placed on the docket for Final Pre Trial Conference. Court stated that this matter is settled and to remove from the docket." On December 2, 2004, plaintiffs filed a motion and order for dismissal, with prejudice, of all of plaintiffs' claims against Safeway. The filed order of dismissal had been signed by the trial court on November 29, 2004. Less than two years later, Safeway filed a motion to fix the cross-claim for trial. The court set a telephone status conference for June 28, 2006. On September 13, 2006, Safeway filed a pre-trial order pertaining to the cross-claim.
The next pleading in the record is a motion filed by Safeway and styled as a motion for reconsideration of the trial court's oral dismissal of the cross-claim.[3] The motion initially notes that, at a pre-trial conference on October 10, 2006, the trial court on its own motion dismissed the cross-claim as abandoned. The trial court is then asked in the motion to reconsider the dismissal and return the claim to the docket. A hearing on the motion to reconsider was held on February 12, 2007. By the judgment signed on March 1, 2007, the trial court, on its own motion, dismissed the cross-claim based on (1) the failure of counsel for [Safeway] to appear at the trial set in September of 2004, and (2) a finding that the cross-claim had been abandoned pursuant to LSA-C.C.P. art. 561.
At the relevant time, LSA-C.C.P. art. 561 provided as follows: "An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years . . . ." From our review of this somewhat limited and possibly incomplete record, it appears that no three year period elapsed without a step in the prosecution by some party.[4] Thus, we find no support in the record for abandonment as a valid ground for dismissal.
The validity of the second grounds for dismissal is not as clear. It is uncertain whether one of the parties applied for dismissal based on another party's failure to appear at the 2004 trial. If a party asks for a dismissal for failure to appear, a "judgment dismissing an action shall be rendered . . . ." LSA-C.C.P. art. 1672A(1). In such a case, the trial court has the discretion to dismiss with or without prejudice. Id. Further, the law of involuntary dismissal applicable here, specifically LSA-C.C.P. art. 1672A(2), provides that the "court, on its own motion, may dismiss an action without prejudice when all the parties thereto fail to appear on the day set for trial . . . ." The ability of the court to act on its own motion and the word "may" in section A(2) afford the trial court discretion in deciding whether to dismiss the action if all the parties fail to appear, but the dismissal is to be without prejudice. Thus, a dismissal rendered with prejudice violates the language of the procedure article. That defect alone, however, does not determine whether the trial court abused its discretion in dismissing the cross-claim for failure to appear.
The cross-claim at issue here is an incidental action or demand. LSA-C.C.P. art. 1031; see also art. 1071, et seq. A "court may order the separate trial of the principal and incidental actions . . ., and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other." LSA-C.C.P. art. 1038. A dismissal of a principal action or demand subsequent to the pleading of an incidental action, "shall not in any way affect the incidental action, which must be tried and decided independently of the principal action." LSA-C.C.P. art. 1039.[5]
Based on the minutes for September 13, 2004, a pre-trial conference was held, and the trial court announced that the "matter" was settled. The record contains no minutes or transcript of a trial being held on September 13, 2004, or any formal record of who may or may not have attended a trial, if it was convened, or who attended the pre-trial conference that was held on that day.[6] The only evidence of a settlement contained in the record is the order dismissing the plaintiffs' claims against Safeway. It is also unclear from the record whether Mr. Diddon was served with Safeway's answer and cross-claim, whether his answer was addressed to both actions or just the principal demand, or whether the trial court and the parties agreed not to hear the cross-claim on the day set for trial. Thus, we find that it is impossible from the record before us to determine whether the parties, including Safeway, failed to appear at a trial on September 13, 2004, without just cause, or whether Mr. Diddon made a request for a dismissal of the claim against him on the day set for trial. Without some minimal information in the record, we cannot fairly determine whether the trial court abused its discretion in dismissing the cross-claim as a sanction for failure to appear. Therefore, in the interest of justice and fairness to all the parties, we remand the "failure to appear" issue to the trial court for an evidentiary hearing analogous to the hearing imposed by LSA-C.C.P. art. 863E before a sanction can be granted. See LSA-C.C.P. art. 2164 (court of appeal may render any judgment just and legal upon the record).
Based on the trial court's determinations at the evidentiary hearing, and subject to the requirements of LSA-C.C.P. art. 1672, the trial court may decide to place the cross-claim back on the docket or to sign a final judgment dismissing the cross-claim on valid grounds. Of course, any new final judgment may be appealed. See LSA-C.C.P. art. 2083A & C.
For these reasons, we reverse the March 1, 2007 judgment and remand to the trial court for further proceedings consistent with this opinion. The costs of the appeal are assessed one-half to Safeway and one-half to Mr. Diddon.
REVERSED AND REMANDED.
NOTES
[1] Although the petition named Safeway Insurance Company as the defendant, we chose to use the name Safeway Insurance Company of Louisiana; the name used in Safeway's answer and in the judgment on appeal.
[2] This court, ex proprio motu, issued a rule to show cause why the appeal should not be dismissed when the March judgment was rendered after a hearing on Safeway's motion for reconsideration of a prior ruling that was not contained in the record on appeal. The rule was referred to the merits. After reviewing the record before us, we find that although the trial court may have reconsidered the prior dismissal in response to Safeway's motion, the March judgment also "ORDERED, ADJUDGED, AND DECREED that the Cross Claim filed by [Safeway] against Rodney Diddon is dismissed, on the Court's own motion . . ." Thus, the record does contain a valid, final appealable judgment, and we vacate the rule.
[3] Technically, the Louisiana Code of Civil Procedure does not provide for a motion for reconsideration with respect to a judgment. Generally, such a motion is treated as a motion for new trial. See Chance v. Chance, XXXX-XXXX, p. 7 (La.App. 3 Cir. 5/2/01), 784 So.2d 817, 822.
[4] A qualifying "step" taken by any party is a "step" in the prosecution of the action that precludes abandonment under LSA-C.C.P. art. 561. The article makes no distinction as to which party. Jones v. Phelps, 95-0607, p. 4 (La.App. 1 Cir. 11/9/95), 665 So.2d 30, 33, writ denied, 95-2907 (La. 2/2/96), 666 Sa.2d 1104.
[5] There is no evidence that the cross claim here was severed by the court.
[6] During oral argument at the hearing on the motion to reconsider, Mr. Diddon's counsel stated that Mr. Diddon reported that he appeared on the day scheduled for the 2004 trial, but was told "You're free to go. Nobody's here. Case dismissed." However, Mr. Diddon did not testify at the hearing.