NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-434

SHAUNN CAILLIER MCCORVEY HARDEN

VERSUS

DERRIEL CARLTON MCCORVEY

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 02-C-2619-D
HONORABLE DONALD HEBERT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Shannon J. Gremillion, Judges.

REMANDED WITH INSTRUCTIONS.

Alex L. Andrus, III
Guglielmo, Lopez, Tuttle, Hunter & Jarrell
P. O. Drawer 1329
Opelousas, LA 70571-1329
(337) 948-8201
Counsel for Plaintiff/Appellee:
    Shaunn Caillier McCorvey Harden

Alisa Ardoin Gothreaux
Attorney at Law
617 W. Canal Street
Church Point, LA 70525
(337) 654-0935
Counsel for Plaintiff/Appellee:
    Shaunn Caillier McCorvey Harden

**Derriel C. McCorvey**
**The Law Office of Derriel C. McCorvey, L.L.C.**
**P. O. Box 2473**
**Lafayette, LA 70502**
**(337) 291-2431**
**"PRO SE"**

**DECUIR, Judge.**

Shaunn Callier Harden and Derriel McCorvey are the divorced parents of one child over whom they share joint custody. Shaunn is the domiciliary parent. At issue in this appeal is the father's visitation schedule and the mother's disagreement with certain decisions made by the father during his visits with their seven-year-old daughter. The trial court ruled against the father by denying expanded visitation, but the court ordered participation in co-parenting classes and declared that it would make a final ruling at a later date. The trial court also granted the mother's request for an injunction ordering the father to refrain from baptizing the child at his church and from having the child bathe with her step-sister. For the following reasons, we remand to the trial court with instructions to re-open the evidence for the report and recommendations of the co-parenting instructors and to issue a final ruling on the request for expanded visitation in light of those recommendations.

Shaunn Caillier Harden and Derriel C. McCorvey were married in 1993 and divorced in 2002. Their only child, Darian, was born in 2001. In the years since the divorce, Shaunn has been the domiciliary parent, and Derriel has visitation on alternating weekends from Friday to Sunday, plus one week per month in June, July, and August. Darian was baptized in the Catholic Church as an infant with both parents present and, at the time of the hearing, had attended the Academy of the Sacred Heart, a Catholic school, for five years. However, Darian has attended the Baptist church with her father on the Sundays when she is with him.

At the time of the hearing, Shaunn and Derriel had progressed to the point in their joint custody relationship where they got along well with each other, accommodated each other's schedules as far as visitation, and tried to discuss problems that arose. After an unusually acrimonious beginning, the parties had not

involved the trial court in their custody issues in well over four years.[1] Nevertheless, Derriel was no longer satisfied with the amount of time he was allowed to see his daughter. He filed a motion to expand his visitation privileges, and Shaunn then turned to the court to resolve two issues that the parties could not agree on. She sought an order enjoining Derriel from having Darian baptized in the Baptist church and further enjoining Derriel from having Darian bathe with her five-year old step-sister.

The hearing consisted of testimony from the parents, Dr. Ken Bouillion, a child psychologist, and Rev. Lloyd Joiner, Jr., the pastor of Derriel's church. Following the recommendations of both Dr. Bouillion and Pastor Joiner, the trial court enjoined Derriel from pursuing the baptism of Darian in the Baptist church because of both the child's young age and the disagreement of the parents. Following the recommendation of Dr. Bouillion, the trial court prohibited Derriel from bathing Darian with any other person in order "to facilitate her modesty and independence."

As an ideal, divorced parents who share custody of their children should work together in an effort to serve their child's best interest at all times. In *Chance v. Chance*, 00-1658, p. 5-6 (La.App. 3 Cir. 5/2/01), 784 So.2d 817, 821-22, this court explained:

> While [the father], as domiciliary parent, has decision making authority, he is required to exchange information with and to consult [the mother] when making decisions. Input from the children's mother, with whom they will be spending fully half their time, can only be a valuable resource in deciding what is in the best interest of the children. Exchange of information is in the best interest of the children regardless of which party has decision making authority and is absolutely necessary to the continued well-being of the children physically, emotionally and socially.

---

[1] See *McCorvey v. McCorvey*, 05-174 (La.App. 3 Cir. 11/2/05), 916 So.2d 357, *writ denied*, 05-2577 (La. 5/5/06), 927 So.2d 300; *McCorvey v. McCorvey*, 05-889 (La.App. 3 Cir. 2/1/06), 922 So.2d 694, *writ denied*, 06-0435 (La. 4/28/06), 927 So.2d 295; *McCorvey v. McCorvey*, 05-1173 (La.App. 3 Cir. 4/5/06), 926 So.2d 114, *writ denied*, 06-0959 (La. 6/16/06), 929 So.2d 1290.

When parents are unable to agree on decisions affecting their child, the non-domiciliary parent may ask the court to review the matter. Louisiana Revised Statute 9:335(B)(3) provides as follows:

> The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.

While a court is justifiably hesitant to involve itself in the details of parental decisions, especially those involving the religious practices of the child, it is the trial court's responsibility to insure that the best interest of the child is served.

Upon review of the trial court's decision, the appellate court is governed by the abuse of discretion standard. "The trial judge is in a better position to evaluate the best interest of a child from his observance of the parties and the witnesses and his decision will not be disturbed on review absent a clear showing of abuse. *Deason v. Deason*, 99-1811, p. 2 (La.App. 3 Cir. 4/5/00), 759 So.2d 219, 220." *Randolph v. Randolph*, 08-51, p. 5 (La.App. 3 Cir. 4/30/08), 982 So.2d 281, 284. Considering the evidence before us, we find no abuse of the trial court's discretion in making the decisions regarding Darian's proposed baptism and her bathing habits at her father's home.

Regarding Derriel's visitation schedule, the trial court issued the following ruling:

> It is Ordered, Adjudged and Decreed that the Rule of Derriel C. McCorvey for expanded visitation is **denied at this time** and, as a predicate for any future consideration of that demand, the parties are hereby Ordered to participate in co-parenting classes by the Counselors/Mediators the Rev. Lloyd Joiner, Jr. and Dr. Kenneth Bouillon [sic] with each party to split the payment of the cost payable in advance. The co-parenting sections shall commence within seven days of the rendition of the Judgment and shall conclude at the discretion of the experts appointed by the Court. The experts may use their discretion

3

to interview the minor child, Darian, in furtherance of the co-parenting if they deemed that necessary. At the conclusion of the co-parenting sessions, and within 10 days thereof, Dr. Kenneth Bouillin [sic] shall make a written report to the Court. At that time **the Court will then further consider the advisability of expanded visitation** and if warranted, will likely expand it in stages.

(Emphasis added.)

It is clear the trial court left the record open in order to have a complete picture. But the record does not contain any post-trial proceedings; therefore, we are unable to discern the outcome of the co-parenting classes. Accordingly, rather than render a ruling on outdated or incomplete evidence, we remand this matter for the trial court to consider the reports of the co-parenting instructors, as well as the current schedule of the child, who is now in third grade. The trial court is further instructed to consider the longstanding recommendations of both Dr. Bouillion and the previous trial judges involved in this matter that Derriel is entitled to a gradual increase in visitation as Darian grows older, to the point where physical custody is shared equally between the parents.

Finally, we find no error in the trial court's ruling denying Derriel's motion for reduction of estimated appeal costs. The evidence before us reveals no abuse of discretion in the judgment rendered.

### DECREE

For the above and foregoing reasons, the matter before us is remanded with instructions as stated herein. Costs of this appeal are assessed equally between the parties.

**REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.