NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-607

WHITNEY THOMAS WISE

VERSUS

CHEYENE HEID WISE

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 98933
HONORABLE TONY BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Gary J. Ortego, Judges.

**AFFIRMED.**

Elvin C. Fontenot, Jr.
Attorney at Law
110 East Texas Street
Leesville, LA 71446
(337) 239-2684
COUNSEL FOR PLAINTIFF-APPELLEE:
    Whitney Thomas Wise

Adam Huddleston
Jones Law Partners
Post Office Box 14558
Alexandria, LA 71315
(318) 442-1515
COUNSEL FOR DEFENDANT-APPELLANT:
    Cheyene Heid Wise

**PICKETT, Chief Judge.**

A mother appeals the trial court's judgment holding her in contempt for failing to abide by a stipulated judgment wherein she agreed to relocate with her sons to Louisiana from Texas. We affirm the trial court's judgment.

## FACTS

Whitney Wise and Cheyene Heid married on June 22, 2015, and had two sons, Jacob, born November 4, 2015, and Abel, born April 16, 2017. They resided in Vernon Parish. On June 20, 2020, Whitney filed a petition for divorce in which he asserted that he and Cheyene physically separated on June 27, 2019. After the parties separated, Cheyene and the boys lived with her father and his wife in Leesville. On June 30, 2020, Cheyene's father moved to Godley, Texas, after his new employer assigned him to an office there. In early July, Cheyene and the boys moved to Godley and lived with her father and his wife. Cheyene was attending the nursing program at Northwestern State University in Natchitoches. After moving to Godley, she commuted to the university until she graduated on August 8, 2020.

On July 23, 2020, Whitney filed a motion to have Cheyene return the boys to Vernon Parish, citing Cheyene's failure to abide by Louisiana's statutory provisions for relocating a child's residence, as provided in La.R.S. 9:355.1-19, which the trial court signed ex parte. On August 13, 2020, the parties appeared before the trial court and entered a stipulation by Cheyene that she would relocate to Shreveport no later than November 30, 2020. The trial court signed a judgment dated December 16, 2020, memorializing the parties' stipulations and ordering Cheyene to relocate with the boys to Shreveport. Two days later, Cheyene filed a rule seeking permission to permanently relocate her and the boys' residence to Texas.

Cheyene did not relocate to Louisiana as ordered, and on January 20, 2021, Whitney filed a rule for contempt, seeking to have her held in contempt, sanctioned, and ordered to pay his attorney fees and costs. He also filed a motion to prevent Cheyene from relocating the boys to Texas. Cheyene then filed an exception of no cause of action, asserting it was impossible for her to comply with the stipulated judgment's order that she relocate to Shreveport. Whitney filed another motion to have Cheyene sanctioned for not relocating with the boys to Shreveport and to modify their custody arrangement.

On March 3, 2022, the trial court conducted a hearing on the various motions filed by the parties. Cheyene acknowledged she agreed to move back to Louisiana in August 2020 but testified that after agreeing to do so, she learned she could not because of the national licensing requirements for nurses. According to Cheyene, she could not afford to live alone in Louisiana after her father moved to Texas but learned after relocating to Texas that she could not take the national nursing examination in Louisiana because the test is administered based on residency. Cheyene further explained she was mistaken when she entered the consent judgment and believed a compact between Texas and Louisiana would allow her to take the national nursing licensing examination in Texas and immediately work in Louisiana.

Cheyene testified she learned after graduating that only single-state licenses are issued for newly-licensed nurses. She also stated she was unaware Texas has more restrictions than Louisiana for new nurses when she stipulated she would relocate to Louisiana in August 2020. Specifically, Cheyene asserted she did not know she could not get licensed in Texas to practice in Louisiana until August 2022. Cheyene further testified she signed a two-year contract with a Texas hospital in November 2020. She asserted she could not relocate to Louisiana until

2

her contract expired because whoever hired her would have to buy out her contract with her employer, which would be costly due to the expense involved in training a newly-licensed nurse.

The trial court took the matter under advisement then issued a written ruling followed by a judgment regarding Whitney's motion for contempt and other issues that are not before this court on appeal. The trial court found Cheyene to be in contempt for not relocating to Shreveport as she stipulated she would and ordered her to pay Whitney $2,500 in attorney fees, together with court costs associated with Whitney's contempt rules, and sentenced her to thirty days in jail if she failed to pay the attorney fees and court costs within ninety days of the judgment being signed. The trial court denied Whitney's request to modify custody of the boys. Cheyene timely appealed the judgment.

## DISCUSSION

Cheyene argues the trial court erred in denying her defense of impossibility and finding she willfully disobeyed the stipulated judgment. The trial court made the following findings of fact in its written ruling:

> The court notes that the mother relocated the boys to Texas around September of 2019. She never received approval of the court to do so. In a court proceeding on August 13, 2020, the parties stipulated that she would return to the Shreveport area no later than November 30, 2020. As of the date of the hearing on March 3, 2022[,] she still has not returned[,] and at trial she testified that if ordered she doesn't know if she could move back. She argues in her pleadings and at trial the defense of impossibility.

> The court notes that Ms. Wise came up with the idea to move to Shreveport. Mr. Wise simply wanted the boys to be as close as possible to Vernon Parish. Ms. Wise chose that location. The court notes that now Ms. Wise argues that she could only get a Texas nursing license, it is common knowledge that Vernon Parish and also Shreveport borders very closely with Texas and while she may have had to work in Texas, she could have lived in Louisiana and fulfilled her agreement and gotten a job in Texas. The truth is she never tried. She also argues that she is under contract and would have to pay a sum of money to break the contract and she doesn't have that money.

3

However, the facts show that she signed that two year contract on November 16, 2020. This was three months after she agreed to move to Shreveport. Mom cannot argue the defense of impossibility when mom caused the impossibility through her own actions. The court also notes that according to the testimony of Ms. Wise, as of November 2021 she was eligible to get her Louisiana nursing license but there was no testimony that she has done so or even attempted.

The court therefore denies the exception of no cause of action; denies the request to have the temporary restraining order annulled, and denies damages for wrongful temporary restraining order.

The court also denies the defense of impossibility and finds Ms. Wise in contempt for willfully disobeying an order of the court. The court orders her to pay the sum of TWO THOUSAND FIVE HUNDRED AND NO/100 ($2,500.00) DOLLARS attorney fees plus court costs for the contempt rules filed in this matter. The sentence of the court is thirty (30) days in the parish jail, suspended. She will be allowed to purge herself by the payment of the attorney fees and court costs. She will have ninety (90) days from the signing of this judgment to pay that.

The court also notes that Ms. Wise's actions make[] it appear that she does not have to follow the orders of the court. Ms. Wise is quick to attempt to punish Mr. Wise by threatening supervised visitation when the visitation is not convenient for her even though he has completed his treatment. However, Ms. Wise has still not completed her counseling from the judgment from almost two years ago.

"A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." La.Code Civ.P. art. 221. Contempts of court are either direct or constructive. *Id.* A person's "wilful disobedience" of a judgment is constructive contempt of court. La.Civ. Code P. art. 224(2). "Contempt proceedings are designed for the vindication of the dignity of the court rather than for the benefit of a litigant." *Biggers v. Biggers*, 13-127, p. 4 (La.App. 5 Cir. 9/18/13), 122 So.3d 604, 606 (citations omitted).

The mover in a civil contempt of court proceeding bears the burden of proving the alleged contempt by a preponderance of the evidence. *Paradise Rod & Gun Club, Inc. v. Roy O. Martin Lumber Co., Inc.*, 14-1184 (La.App. 3 Cir.

4

4/1/15), 160 So.3d 626. A trial court has much discretion when determining whether a person committed constructive contempt, but to find a person guilty of constructive contempt, the court must find she violated a court order "'intentionally, knowingly, and purposefully, without justifiable excuse.'" *Lang v. Asten, Inc.*, 05-1119, p. 1 (La. 1/13/06), 918 So.2d 453, 454 (quoting *Brunet v. Magnolia Quarterboats, Inc.*, 97-187, p. 10 (La.App. 5 Cir. 3/11/98), 711 So.2d 308, 313, *writ denied*, 98-990 (La. 5/29/98), 720 So.2d 343). Appellate courts review a judgment holding a party in contempt under the manifest error standard of review. *McCorvey v. McCorvey*, 05-1173 (La.App. 3 Cir. 4/5/06), 926 So.2d 114, *writ denied*, 06-959 (La. 6/16/06), 929 So.2d 1290.

Cheyene first asserts the trial court erred in finding she moved to Texas in September 2019. We agree. Whitney is the only person who testified Cheyene moved in 2019, and his testimony was uncertain. Whitney was asked when Cheyene moved to Texas. He responded, "The exact date, um, bear with me. I know it was, um, I believe December of 2019, if I -- if I recall correctly." He also testified Cheyene graduated in December of 2019 or "January of 2020, 2021." Whitney's uncertain testimony was contradicted by Cheyene and her father who both testified Cheyene moved to Texas after her father moved in July 2020. Additionally, Cheyene testified she graduated in August 2020, which corresponds with her taking the nursing examination after she moved to Texas. Though the trial court erred regarding this finding of fact, we find the error has no bearing on the merit of Cheyene's defense.

Next, Cheyene argues it was impossible for her to comply with her agreement to move to Shreveport by November 30, 2020. The defense of impossibility is set forth in La.Civ.Code art. 1873, which provides, in pertinent part, "[a]n obligor is not liable for his failure to perform when it is caused by a

5

fortuitous event that makes performance impossible." "A fortuitous event is one that, at the time the contract was made, could not have been reasonably foreseen." La.Civ.Code art. 1875.

In *West v. Central Louisiana Limousine Service, Inc.*, 03-373, p. 2 (La.App. 3 Cir. 10/1/03), 856 So.2d 203, 205 (footnote omitted), this court addressed the defense of impossibility and explained:

> "[T]he nonperformance of a contract is not excused by a fortuitous event where it may be carried into effect, although not in the manner contemplated by the obligor at the time the contract was entered into." [*Dallas Cooperage & Woodenware Co. v. Creston Hoop Co.*, 161 La. 1077, 1078-79, 109 So. 844 (La.1926)]. Rather, "The *cas fortuit* [fortuitous event] must make the performance truly impossible." [La.Civ.Code art. 1873 (cmt.(d))]. In other words, if the fortuitous event prevents the obligor from performing his or her obligation in the manner contemplated at the time of contracting, s/he must pursue reasonable alternatives to render performance in a different manner before s/he can take advantage of the defense of impossibility.
>
>     . . . [I]t is well settled that an obligor is not released from his duty to perform under a contract simply because such performance becomes more difficult or more burdensome. The question of whether the fortuitous event was sufficient to relieve the obligor of performance or whether it, simply, made performance more burdensome depends on the particular facts and circumstances of each case, and is therefore governed by the manifest error standard of review . . . .

The trial court's detailed ruling shows its contempt finding is based primarily on behavior that occurred after Cheyene's August 2020 agreement to move to Shreveport, not when she moved to Texas. The evidence, including Cheyene's testimony, substantiates the trial court's findings of fact and determination that she "willfully disobey[ed]" her stipulated agreement to relocate to Shreveport in October 2020 as the trial court's judgment ordered. As noted by the trial court, Cheyene could have gotten a job near the Texas-Louisiana border that would allow her to live in Louisiana and work in Texas, but she did not. Moreover, there is no evidence she made any effort to comply with her agreement

6

to relocate to Louisiana.  For these reasons, the trial court did not commit manifest error in holding Cheyene in contempt.

## DISPOSITION

The trial court's judgment holding Cheyene Heid in contempt of the August 13, 2020 stipulated judgment and ordering her to pay Whitney Wise $2,500 in attorney fees and court costs associated with the contempt proceeding is affirmed. Cheyene Heid has forty-five days from the date of this judgment to pay the ordered amounts to Whitney Wise.  All costs of this appeal are assessed to Cheyene Heid.

**AFFIRMED WITH INSTRUCTIONS.**